UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHRISTOPHER C. BITTNER and
CAROL BITTNER,

    Plaintiffs

v.

FRANK WILLIAMS, THEODORE A. SAULNIER, in his capacity as CHIEF OF THE TISBURY POLICE DEPARTMENT, and THE TOWN OF TISBURY,

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

C.A. NO. 04 11417 RCL

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action brought pursuant to 2 U.S.C. § 1983 against officers of the Tisbury Police Department and the Town of Tisbury for civil rights violations and common law torts, arising out of the unlawful assault and battery, arrest, detention and prosecution of the plaintiff without probable cause on June 25, 2002 by Tisbury Police Officer Frank Williams. Defendant Officer Williams violated the state and federal civil rights of the plaintiff by stopping, harassing and arresting the plaintiff without probable cause, by using force beyond that which was necessary to place the plaintiff under arrest, by maliciously prosecuting the plaintiff without probable cause, and by otherwise tortiously injuring the plaintiff.

The claim against the Town of Tisbury and its Chief of Police arise their negligence and their failure to train, supervise and discipline defendant Williams adequately, thereby giving him the message that he could misuse his authority as a police officer, and that such conduct would be tolerated or ignored.

## PARTIES

1. The Plaintiff, Christopher C. Bittner, at all times relevant hereto, was an individual with a usual residence in Tisbury, Dukes County, Massachusetts. The plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. The Plaintiff, Carol Bittner, is the wife and companion of Plaintiff Christopher Bittner and ws, at all times relevant hereto, a resident of Tisbury, Massachusetts.

3. The defendant Town of Tisbury is a municipality located in the County of Dukes, Commonwealth of Massachusetts, and is the employer of defendant Williams.

4. Defendant Theodore A. Saulnier, was at all times relevant hereto the duly appointed Chief of Police of the Town of Tisbury Police Department acting under color of law, and is named in his official capacity.

5. Defendant Anthony Williams was at all times relevant hereto a duly appointed and acting officer of the Tisbury Police Department and is named in his individual and official capacities.

## STATEMENTS OF FACTS

6. On June 25, 2002, plaintiff Christopher Bittner owned and operated a furniture restoration business in the center of the Vineyard Haven section of the Town of Tisbury. He was near the location of his business storefront when he and a friend noticed a woman unconscious in the middle of the street in front of the Martha's Vineyard Chamber of Commerce building. Mr. Bittner attempted to assist the clearly unconscious woman while another onlooker phoned 911.

7. When the woman, regained consciousness and attempted to walk away, plaintiff, Christopher Bittner, concerned for her health and safety, recognizing and fearing that the woman had a seizure, urged the woman not to get up until EMT's, who had been summoned, came and examined her.

8. As plaintiff Christopher Bittner was doing so, Defendant Tisbury Police Officer Williams arrived and shouted "Stop!".

9. Plaintiff Christopher Bittner stopped.

10. Without any reason, certainly without probable cause, defendant officer demanded Plaintiff Bittner provide identification. When plaintiff Bittner asked why, defendant Williams responded, "If you don't cooperate immediately, I consider it disorderly conduct."

11. This was an obvious mis-statement of the law and, as an apparent justification for an impending arrest, was a violation of plaintiff Bittner's constitutional right to be free from unreasonable seizure without probable cause.

12. When plaintiff Bittner expressed his disbelief at this statement and asked for the defendant's badge number, defendant Williams responded by saying, "I don't have to put up with this shit", and handcuffed plaintiff Bittner, threw plaintiff onto the hood of his police cruiser while he searched plaintiff, humiliating him publicly, assaulting and battering him before putting him into the backseat of the police cruiser.

13. Plaintiff was arrested, jailed and booked, and charged with disorderly conduct.

14. The charges against the plaintiff were brought without probable cause, with malice and with the intent on the part of the defendant officer to cover up his wrongful stop, and arrest, detention of Plaintiff Bittner, and to prevent and intimidate Plaintiff Bittner from seeking redress.

15. Defendant Williams perpetrated the above described wrongful arrest and assault on plaintiff Christopher Bittner while in the scope of his employment as a Tisbury police officer, under color of law, and by use of threats, force, and intimidation.

16. All the criminal charges against plaintiff Christopher Bittner were dismissed on July 22, 2002, but only after incurring significant emotional distress, significant legal fees and other damages and expenses.

## STATEMENT OF CLAIMS

### COUNT I

### FALSE ARREST AND FALSE IMPRISONMENT

17. Plaintiff repeats and realleges each of the preceding paragraphs.

18. Defendant Williams falsely arrested and imprisoned the plaintiff.

19. As a direct and proximate result of the acts of defendant Williams, plaintiff Christopher Bittner was deprived of his liberty, suffered physical injury, was caused great emotional distress, was subject to great humiliation and suffered other damages.

### COUNT II

### ASSAULT AND BATTERY

20. Plaintiff repeats and realleges each of the preceding paragraphs.

21. Defendant Williams placed his hands without consent upon plaintiff Christopher Bittner and otherwise assaulted and battered plaintiff Christopher Bittner in Tisbury, Massachusetts on June 25, 2002.

22. As a direct and proximate result of the acts of the defendant, the plaintiff suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff repeats and realleges each of the preceding paragraphs.

24. Defendant Williams' conduct, as set forth above, was outrageous beyond all bounds of human decency and beyond that which a civilized society would tolerate, and the defendant knew or should have known that said conduct was likely to would inflict severe emotional distress upon the plaintiff.

25. Plaintiff Bittner, in fact, suffered severe physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of defendant Williams.

## COUNT IV

### VIOLATION OF 42 U.S.C. SECTION 1983 – BY DEFENDANT WILLIAMS

26. Plaintiff Bittner repeats and realleges each of the preceding paragraphs.

27. Defendant Williams, in performing the above intentional torts, violated plaintiff's federal civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person.

28. As a direct and proximate result of defendant's acts, plaintiff Bittner suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered monetary and other damages.

## COUNT V

### VIOLATION OF CIVIL RIGHTS UNDER M.C.R.A., ch. 12 § 11I

29. Plaintiff repeats and realleges each of the preceding paragraphs.

30. By assaulting, battering, detaining, and falsely imprisoning plaintiff Christopher Bittner, defendant Williams, violated the civil rights of plaintiff Christopher Bittner, as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable case, and the right to security of the person, causing damage for which the plaintiff is entitled to recover.

31. Said conduct by defendant Williams violated plaintiff Christopher Bittner's civil rights by threats, intimidation or coercion.

32. As a direct and proximate result of these acts, Christopher Bittner was deprived of his liberty, suffered physical injury, was caused great emotional distress and monetary damages, was subject to great humiliation and suffered other damages.

## COUNT VI

### MALICIOUS PROSECUTION

33. Plaintiff Christopher Bittner repeats and realleges each of the preceding paragraphs.

34. Defendant Williams swore out a criminal complaint and sought prosecution of plaintiff Bittner in the above referenced criminal action without probable cause and with malice.

35. Said malicious prosecution, by defendant, caused plaintiff Christopher Bittner severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community and emotional distress and other damages.

## COUNT VII

### ABUSE OF PROCESS

36. Plaintiff Christopher Bittner repeats and realleges each of the preceding paragraphs.

37. By instituting the criminal prosecution of the plaintiff based on the wrongful arrest of June 25, 2002, the defendants employed legal process for a purpose for which it was not intended, to wit, to cover up the wrongful and outrageous stop and arrest of laintiff Bittner and to discourage Ms. Bittner from seeking redress.

38. Said abuse of process by the defendants caused plaintiff Bittner severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation and emotional distress and other damages.

## COUNT VIII

### NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

39. Plaintiff Bittner repeats and realleges each of the preceding paragraphs.

40. The defendants Town of Tisbury and Chief of Police Theodore A. Saulnier owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Tisbury to train and supervise its police officers properly and reasonably. As a part of this duty, the defendant Town of Tisbury and Chief Saulnier have a duty to investigate Town of Tisbury Police Officers accused of misconduct.

41. These defendants breached their duty by failing to train and supervise defendant Williams properly. This failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, such as the abuse by defendant Williams. These procedures include the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Tisbury Police Officers, which failure delivered a message to the individual defendant Police officer herein that there would be no departmental sanctions for engaging in misconduct.

42. This breach of duty by the defendant Town of Tisbury and its defendant police chief proximately caused the plaintiff injury and damage, including physical damage, great emotional distress, monetary damages and other damages.

43. Demand was made upon appropriate chief executive officers of defendant Town of Tisbury pursuant to G.L. c. 258, in November of 2003, which demand has not been met by a reasonable offer of settlement.

## COUNT IX

### VIOLATION OF CIVIL RIGHTS – MUNICIPAL DEFENDANT

44. Plaintiff Bittner repeats and realleges each of the preceding paragraphs.

45. The defendants Town of Tisbury and its chief, defendant Saulnier, maintained a policy or custom of failing to train and supervise its police officers properly and reasonably. Defendants Town of Tisbury and Chief Saulnier also maintained a policy or custom of failing to investigate Town of Tisbury Police Officers accused of misconduct adequately.

46. These policies and customs evidenced a deliberate indifference on the part of the defendant Town and the defendant Chief of Police to the Constitutional rights of Christopher Bittner and to all persons present in the Town of Tisbury. These policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Tisbury Police officers. These failures delivered a message to the individual defendant Police officers herein, including the defendant Williams, that there would be no departmental sanctions for engaging in misconduct.

47. This official policy or custom proximately caused plaintiff Christopher Bittner injury and damage, including physical damage, great emotional distress, monetary damages and other damages.

## COUNT VII

### LOSS OF CONSORTIUM - CLAIM OF CAROL BITTNER

48. Plaintiffs repeat and reallege each of the preceding paragraphs.

49. Plaintiff, Carol Bittner, was married to plaintiff Chrisptopher Bittner for some twenty five (25) years on June 25, 2002. She engaged the pleasure of her husband's companionship despite the extreme effects of her husband's severe mental illness and their marriage and relationship was strengthened and nurtured over time.

50. As a result of the wrongful acts of the defendants, described herein, plaintiff Carol Bittner has been deprived of and will be deprived in the future of the companionship, love and affection of her husband, Christopher Bittner, and has otherwise suffered and will continue to suffer the loss of consortium from her husband, plaintiff Christopher Bittner.

51. Plaintiff Carol Bittner has been damaged by this loss of consortium.

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,
Plaintiff by his counsel,

Date: 6/17/04

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

bittner\complaint

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Christopher Bittner, et al v. Frank Williams, et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    __  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    __  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    __  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    __  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
    None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)   N/A

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES____ No____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES____ No____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES____ N/A ____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION   N/A   OR WESTERN SECTION   N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Andrew M. Fischer
ADDRESS           47 Winter Street, Boston, MA 02108
TELEPHONE NO.     (617) 423-7904

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Christopher Bittner and
Carol Bittner

**DEFENDANTS**
Frank Williams, Theodore A. Saulnier, in his capacity as Chief of the Tisbury Police Department and the Town of Tisbury

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dukes
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dukes
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Andrew M. Fischer
Jason & Fischer
47 Winter St., Boston, MA 02108
(617) 423-7904

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 894 Energy Allocation Act |
| | | | **SOCIAL SECURITY** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 864 SSID Title XVI | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | ☐ 740 Railway Labor Act |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** |
| | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 6/17/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____