UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Date 9/1/04
By M.P.
Deputy Clerk

C.A. NO. 04-CV-11417-RCL

CHRISTOPHER C. BITTNER and CAROL BITTNER,

        Plaintiffs

v.

FRANK WILLIAMS, THEODORE A. SULNIER, In His Capacity as CHIEF OF THE TISBURY POLICE DEPARTMENT, and THE TOWN OF TISBURY,

        Defendants

ANSWER OF DEFENDANTS

## INTRODUCTION

To the extent the allegations set forth in the "Introduction" section of the Complaint require a response, the same are denied.

## PARTIES

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 1 or the allegations concerning plaintiff's citizenship and residence set forth in the second sentence of said paragraph. The remaining allegations set forth in said paragraph comprise contentions as to matters of law not requiring a response by the defendants. To the extent said remaining allegations require a response, the same are admitted.

2.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.    Admitted.

4. The allegation concerning defendant Sulnier's "acting under color of law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 4 are admitted.

5. The defendants deny the existence of a basis for individual capacity suit against defendant Williams. The remaining allegations set forth in Paragraph 5 are admitted.

## STATEMENT OF FACTS

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. The defendants admit only that defendant Williams made the statement attributed to him in Paragraph 8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

9. Admitted.

10. Denied.

11. Denied.

12. Defendants admit only that plaintiff Christopher Bittner was handcuffed and pat-frisked by defendant Williams. The remaining allegations set forth in said paragraph are denied.

13. Admitted; further answering the defendants state that plaintiff was "jailed" in a detention cell briefly prior to arraignment.

14. Denied.

15. The defendants admit only that defendant Williams arrested plaintiff in his capacity as a Tisbury police officer. The remaining allegations set forth in Paragraph 15 are denied.

16. The defendants admit that criminal charges against plaintiff Christopher Bittner were dismissed. The remaining allegations set forth in said paragraph are denied.

## STATEMENT OF CLAIMS

### COUNT I
(False Arrest and False Imprisonment)

The allegations set forth in Count I pertain only to defendant Williams. Said defendant responds to same as follows:

17. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

18. Denied.

19. Denied.

### COUNT II
(Assault and Battery)

The allegations set forth in Count II pertain only to defendant Williams. Said defendant responds to same as follows:

20. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

21. Denied.

22. Denied.

### COUNT III
(Intentional Infliction of Emotional Distress)

The allegations set forth in Count III pertain only to defendant Williams. Said defendant responds to same as follows:

23. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

24. Denied.

25. Denied.

### COUNT IV
(Violation of 42 U.S.C. §1983 by Defendant Williams)

The allegations set forth in Count IV pertain only to defendant Williams. Said defendant responds to same as follows:

26. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

27. Denied.

28. Denied.

### COUNT V
(Violation of Civil Rights Under MCRA c. 12, § 11I)

The allegations set forth in Count V pertain only to defendant Williams. Said defendant responds to same as follows:

29. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

30. Denied.

31. Denied.

4

32. Denied.

## COUNT VI
### (Malicious Prosecution)

The allegations set forth in Count VI pertain only to defendant Williams. Said defendant responds to same as follows:

33. The defendant restates and incorporates by reference his responses to all preceding paragraphs.

34. Denied.

35. Denied.

## COUNT VII
### (Abuse of Process)

36. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

37. Denied.

38. Denied.

## COUNT VIII
### (Negligent Supervision – Municipal Defendants)

The allegations set forth in Count VIII do not pertain to defendant Williams. Defendants Saulnier and Tisbury respond to same as follows:

39. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

40. The allegations set forth in Paragraph 40 comprise contentions as to matters of law not requiring a response by these defendants.

41. Denied.

42. Denied.

43. The defendants admit that they have not tendered an offer of settlement. The remaining allegations set forth in Paragraph 43 comprise contentions as to matters of law not requiring a response by the defendants.

## COUNT IX
(Violation of Civil Rights – Municipal Defendant [sic])

The allegations set forth in Count IX do not pertain to defendant Williams. Defendants Saulnier and Tisbury respond to same as follows:

44. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

45. Denied.

46. Denied.

47. Denied.

## COUNT VII[sic]
(Loss of Consortium – Claim of Carol Bittner)

48. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

49. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49.

50. Denied.

51. Denied.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Officer Frank Williams at all times possessed the requisite reasonable suspicion and/or probable cause to act as alleged in the Complaint.

## THIRD DEFENSE

The claims arising out of the subject matter of the occurrence alleged are barred as the defendants were carrying out law enforcement functions in good faith.

## FOURTH DEFENSE

The individual defendants deny all of plaintiffs' allegations of wrongful conduct and state that they were at all relevant times public employees acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

## FIFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

## SIXTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## SEVENTH DEFENSE

Plaintiffs have failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

### EIGHTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

### NINTH DEFENSE

The defendants are immune from liability for any claim based upon the performance or failure to perform a discretionary function.

### TENTH DEFENSE

To the extent any intentional torts are pled against the Town, they should be dismissed, because the Town is immune from liability for any claim based upon an intentional tort pursuant to G.L. c.258 §10(c).

### ELEVENTH DEFENSE

The individual defendants are immune from liability for any claims based upon negligence pursuant to G.L. c.258 §2.

### TWELFTH DEFENSE

The Town may not be held liable pursuant to the doctrine of *respondeat superior*, and the plaintiff has not alleged facts establishing a municipal policy or practice of unconstitutional conduct or deliberate indifference thereto, attributable to the Town's policy makers, resulting in injury or damage.

### THIRTEENTH DEFENSE

Plaintiff fails to state a claim for liability for inadequate training, and supervision due to the failure to plead or establish the requisite deliberate indifference.

### FOURTEENTH DEFENSE

Plaintiff fails to state a claim for supervisory liability due to the failure to plead or establish the requisite deliberate indifference.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

### SIXTEENTH DEFENSE

The Town is immune from liability pursuant to G.L.c. 12, § 11 H and I.

### SEVENTEENTH DEFENSE

The defendants deny any unprivileged touching of the plaintiff.

### EIGHTEENTH DEFENSE

The defendants deny the existence of extreme, outrageous conduct intolerable in a civilized society.

### TWENTIEH DEFENSE

The defendants deny that the prosecution of the plaintiff was undertaken without probable cause for an improper ulterior purpose.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by failure to present notice of claim in conformance with G.L.c. 258, § 4.

## TWENTY-SECOND DEFENSE

The defendants deny that their alleged actions resulted in a loss of marital consortium.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS,

By their attorneys,

*[signature]*
Joseph L. Tehan, Jr. (BBO # 494020)
Katharine Goree Doyle (BBO # 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

227054/METG/0577

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____
*[signature]*