UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11417-RCL

| | |
|---|---|
| CHRISTOPHER C. BITTNER and CAROL BITTNER, <br><br> Plaintiffs <br><br> v. <br><br> FRANK WILLIAMS, THEODORE A. SAULNIER, In His Capacity as CHIEF OF THE TISBURY POLICE DEPARTMENT, and THE TOWN OF TISBURY, <br><br> Defendants | PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action and their counsel, are subject to the following Protective Order:

1. This protective order applies to all documents and to the information contained therein designated "CONFIDENTIAL" by the party producing same. This Order is intended to cover all personnel files, medical records, mental health records, and other records of illnesses or disabilities of the parties to this action.

2. Parties obtaining documents subject to this order from medical providers or other non-parties shall promptly provide counsel for all other parties with copies of such records.

3. If a party seeks to establish that documents or information contained in the documents are not entitled to such status and protection, the party shall advise opposing counsel of the basis of his objection. If the parties cannot resolve the dispute within ten days of such notification, the party seeking to establish confidentiality shall bring the matter to the Court for resolution and shall bear the burden of establishing that a protective order concerning the documents or information is appropriate. See Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986).

4. Confidential documents are to be used by the parties only in connection with litigating this case.

5. Confidential material may only be disclosed as follows:

   a. to the Court, in camera or under seal;

  b.  to attorneys of record, including their partners and associates and employees who are directly assisting the attorneys of record, and to involved insurance personnel, provided that such persons are informed of their obligations under this Order and agree to be bound by this Order;

  c.  to experts, under these conditions: (1) the attorney of record shall first inform each expert that the disclosed material is confidential, is to be held in strict confidence, and is to be used solely to prepare and present evidence in the litigation, and that these restrictions are imposed by court order; (2) the expert shall agree in writing to be bound by this Order.

6. Confidential material may not be otherwise disclosed without the prior written consent of the party producing same.

7. Attorneys may review with their clients the confidential documents. The parties must also be advised that the information is subject to a protective order and may not be disclosed to anyone else.

8. Copies of confidential material may not be made except for an expert who requires a copy for review, file copies for counsel and insurance personnel, copies for use at depositions, in support of motions and for use at trial. To the extent copies are made as provided in this paragraph, such copies shall themselves become confidential documents and shall be subject to all the terms of this Order as if it were a "first generation" document.

9. During his or her oral deposition, a deponent may be shown confidential documents or information so that the deponent can answer questions based on it. To the extent that the deposition transcript incorporates into it confidential material, the portion of the transcript incorporating such material shall itself become a confidential document and shall be subject to all the terms of this Order as if it were a "first-generation" document. Exhibits shall be considered "first-generation" documents and shall not be reproduced, except as herein provided. A deponent who is not a party to the litigation shall be furnished a copy of this Order before being examined upon, or asked to produce, potentially confidential documents.

10. The use of the confidential documents at trial shall be determined by the trial court.

11. If another court or administrative agency subpoenas or orders production of material marked "confidential," the recipient of the subpoena or order shall promptly notify the other party of the pendency of the subpoena or order.

12. The provisions of this Order shall survive the termination of this action, except to the extent that confidential information becomes part of the public record at trial. Within ninety days of the termination of the action, all documents marked "confidential" shall be returned to the producing party through its attorneys.

13. Documents produced under this Order shall not be deemed to waive any applicable privileges.

14. This Order may be modified by this Court upon application by a party, with notice.

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| CHRISTOPHER C. BITTNER and CAROL BITTNER, | TOWN OF TISBURY, FRANK WILLIAMS and CHIEF THEODORE A. SAULNIER, |
| By their attorney, | By their attorneys, |
| *Andrew Fischer /kgd* | *Katharine Doyle* |
| Andrew M. Fischer (BBO# 167040) Jason & Fischer 47 Winter Street Boston, MA 02108 (617) 423-7904 | Joseph L. Tehan, Jr. (BBO# 494020) Katharine Goree Doyle (BBO# 634131) Kopelman and Paige, P.C. 31 St. James Avenue Boston, MA 02116 (617) 556-0007 |

DEFENDANTS,

FRANK WILLIAMS,

By their attorneys,

*Regina Ryan /kgd*
Douglas I. Louison (BBO#545191)
Regina M. Ryan (BBO#565246)
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110
617-439-0305

252657/Metg/0577

## ORDER

Upon consideration, a **PROTECTIVE ORDER** encompassing the terms of the foregoing stipulation of the parties is entered.

SO ORDERED.

Dated:

_____
Reginald C. Lindsay, U.S.D.J.

252657/Metg/0577

## CERTIFICATE OF SERVICE

I, Katharine Goree Doyle, hereby certify that on the below date, I served a copy of the foregoing Protective Order and Joint Motion for Entry of Protective Order, by first class mail, postage prepaid, to the following counsel of record:

>Andrew M. Fischer, Esq.
>Jason & Fischer
>47 Winter Street
>Boston MA 02108

>Regina M. Ryan, Esq.
>Merrick, Louison & Costello
>67 Batterymarch Street
>Boston, MA 02110

Dated: June 22, 2005

Katharine Goree Doyle

254486/Mctg/0577