UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************
CHRISTOPHER C. BITTNER and        *
CAROL BITTNER,                    *
                                  *
              Plaintiffs          *
v.                                *
                                  * C.A. NO. 04-11417-RCL
FRANK WILLIAMS, THEODORE A.       *
SAULNIER, in his capacity as CHIEF OF THE *
TISBURY POLICE DEPARTMENT, and    *
THE TOWN OF TISBURY,              *
                                  *
              Defendants          *
*********************************
```

JOINT PRE-TRIAL MEMORANDUM

A. TRIAL COUNSEL

Attorney for Plaintiffs Carol Bittner, et al:

Andrew M. Fischer, Esquire
Jason & Fischer
47 Winter Street
Boston, MA 02108
(617) 423-7904

Attorney for defendant, Frank Williams:

Regina M. Ryan, Esquire
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110
617-439-0305

Attorney for Town of Tisbury and Theodore A. Saulnier:

Katharine Goree Doyle, Esquire
Kopelman and Paige,PC
31 Saint James Avenue, 7th Floor
Boston, MA 02116
(617) 556-0007

## B. SUMMARY OF THE EVIDENCE

I. Plaintiffs' Position on Liability and Relief Sought

Plaintiff Chris Bittner alleges claims of false imprisonment, assault and battery, intentional infliction of emotional distress, malicious prosecution, abuse of process, violations of his State and Federal civil rights by both office Frank Williams and the municipal defendants, and negligent supervision on the part of the municipal defendants. Plaintiff Carol Bittner claims a loss of consortium. Both parties seek relief in the form of money damages.

II. Defendants' Position on Liability and Relief Sought

Defendants expect to introduce the following evidence at trial of this action.

On June 25, 2002, defendant Officer Frank Williams responded to a call from the Tisbury Police Communications Center that a person had been hit by a car. When he arrived at the scene, persons present pointed out a woman walking away on Beach Road and identified her as someone who had suffered a seizure, but had recovered. Officer Williams observed plaintiff Christopher Bittner walking near the woman. Although he was fifty feet away from them, he could hear the plaintiff yelling at the woman that she was not going anywhere. Officer Williams also observed the plaintiff step in front of the woman a number of times in an apparent attempt to detain her. Officer Williams could hear the woman asking the plaintiff to leave her alone, and also heard her say something about the plaintiff getting away from her. Officer Williams heard the plaintiff yell at the woman that she was not going anywhere until he was sure she was okay. She repeated to the plaintiff that she was fine and asked him to leave her alone. The plaintiff faced the woman, extended his arms out to the front of the woman and yelled loudly that she was not going anywhere.

Officer Williams observed that traffic on Beach Road had stopped, and several people in the cars were looking in the direction of the woman and the plaintiff, and then towards himself. He again heard the woman ask the plaintiff to leave here alone, and observed her tone of voice to be scared. The plaintiff refused and continued to detain the woman. She then side-stepped him and began to run. The plaintiff began to run after her, at which time Officer Williams called after him to stop. The plaintiff stopped.

Officer Williams spoke to the plaintiff, who explained that he saw the woman lying on the ground and then get up. The plaintiff said that he asked her if she was okay and the woman responded that she was, but she had had a seizure and wanted to be left alone. The plaintiff admitted that he told her that she was not going to leave. The plaintiff was yelling as he relayed this information to Officer Williams.

Officer Williams asked the plaintiff to calm down, to which the plaintiff replied that he did not have to calm down. Officer Williams asked the plaintiff if her knew this woman, and the plaintiff admitted that he did not. Officer Williams asked the plaintiff for his name, but the plaintiff would not give it and instead yelled at Officer Williams, asking why the officer wished to know who he was. Officer Williams again asked the plaintiff to calm down, but again the plaintiff refused. Officer Williams warned the plaintiff that his actions could be considered disorderly conduct. The plaintiff replied "Let's Rock and Roll" at which time Officer Williams radioed to Chief Saulner or Officer Hanavan to respond to his location. The plaintiff yelled at Officer Williams that he would only speak to the Officer's Chief. While still yelling at Officer Williams, he took a step towards the officer. At that time, Officer Williams arrested the plaintiff for disorderly conduct. While anther police officer, Officer Monaco, transported the plaintiff to

the police station, Officer Williams spoke to Talbott Britt, the woman who had suffered a seizure, who indicated that the plaintiff's behavior had concerned her, that she had tried to get away from him, but was unable to do so until she started running. The arrest for disorderly conduct was supported by probable cause, and performed in compliance with Officer Williams' training as well as the Policies and Procedures of the Town of Tisbury Police Department.

The evidence will also show that the Town of Tisbury and Chief Saulner have at all times engaged in appropriate training and supervision of Officer Williams. At all times relevant to the above-captioned matter, Officer Willaims has complied with all training requirements. Furthermore, in his nineteen year career with the Tisbury Police Department, only one investigation into an arrest by Officer Willaims was conducted, after which Officer Williams was cleared of any wrongdoing.

### C.  WAIVED CLAIMS

The parties have not waived any claims or defenses.

### D.  STATEMENT OF AGREED FACTS

1. Plaintiff Christopher C. Bittner was, at all times relevant hereto, an individual with a usual residence in Tisbury, Dukes County, Massachusetts. The plaintiff owned and operated a furniture restoration business in the center of the Vineyard Haven section of the Town of Tisbury.

2. The Plaintiff, Carol Bittner, is the wife and companion of Plaintiff Christopher Bittner and was, at all times relevant hereto, a resident of Tisbury, Massachusetts, working as a therapist with a practice in Tisbury, Massachusetts.

3. The defendant Town of Tisbury is a municipality located in the County of Dukes, Commonwealth of Massachusetts, and is the employer of defendant Williams.

4. Defendant Theodore A. Saulnier, was at all times relevant hereto the duly appointed Chief of Police of the Town of Tisbury Police Department acting under color of law, and is named in his official capacity.

5. Defendant Anthony Williams was at all times relevant hereto a duly appointed and acting officer of the Tisbury Police Department and is named in his individual and official capacities.

6. On June 25, 2002 Officer Williams was dispatched by the Tisbury Police Communications Center in response to a report of a person hit by a car.

7. When he arrived, a number of persons pointed out a woman walking down Beach Road and told him that she had suffered a seizure, but had recovered.

8. Officer Williams observed the plaintiff approaching the woman as she tried to walk away

9. Officer Williams called to the plaintiff to stop, which the plaintiff did.

10. Officer Williams arrested the plaintiff for disorderly conduct.

11. The charge of disorderly conduct was dismissed against the plaintiff.

E. CONTESTED ISSUES OF FACT

(1) Plaintiff

The plaintiff's contend that on June 25, 2002, plaintiff Christopher Bittner, while near the location of his business storefront, noticed a woman unconscious in the middle of the street in front of the Martha's Vineyard Chamber of Commerce building. Mr. Bittner attempted to assist the woman, while another called 911.

When the woman, regained consciousness and attempted to walk away, plaintiff, Christopher Bittner recognizing and fearing that the woman had a seizure and, concerned for her health and safety, urged the woman not to get up until EMT's, who had been summoned, came and examined her.

As plaintiff Christopher Bittner was doing so, Defendant Tisbury Police Officer Williams arrived and shouted "Stop!".  Plaintiff Christopher Bittner stopped.

Without any reason, certainly without probable cause, the defendant officer demanded Plaintiff Bittner provide identification.  When plaintiff Bittner asked why, defendant Williams responded, "If you don't cooperate immediately, I consider it disorderly conduct."

When plaintiff Bittner expressed his disbelief at this statement and asked for the defendant's badge number, defendant Williams responded by saying, "I don't have to put up with this shit", and handcuffed plaintiff Bittner, threw the plaintiff onto the hood of his police cruiser while he searched plaintiff, humiliating him publicly, assaulting and battering him before putting him into the backseat of the police cruiser.

Plaintiff Bittner was arrested, jailed and booked, and charged with disorderly conduct.  As a direct result of his arrest and the charges brought against him, plaintiff Bittner's mental state deteriorated and he suffered a relapse of bipolar disorder.

The charges against the plaintiff were brought without probable cause, with malice and with the intent on the part of the defendant officer to cover up his wrongful stop, and arrest, detention of Plaintiff Bittner, and to prevent and intimidate Plaintiff Bittner from seeking redress.

(2) Defendants

(a) Whether probable cause existed for plaintiff's arrest

(b) Whether Officer Williams utilized excessive force in arresting the plaintiff.

(c) Whether Officer Williams intended to cause the plaintiff emotional distress or that he should have known that emotional distress was the likely result of his conduct.

(d) Whether Officer Williams' prosecution of the plaintiff was for an improper or ulterior purpose.

(e) Whether the Town of Tisbury exercised due care in the training and supervision of Officer Williams.

(f) Whether plaintiff Christopher Bittner was contributorily negligent.

(g) Whether plaintiff Christopher Bittner sustained damages as a result of improper conduct on the part of the defendants.

(h) Whether plaintiff Carol Bittner sustained loss of her husband's consortium as a result of improper conduct on the part of the defendants.

## F. JURISDICTIONAL QUESTIONS

There are currently no jurisdictional questions.

## G. QUESTIONS RAISED BY PENDING MOTIONS

There are currently no pending motions.

## H. ISSUES OF LAW

(1) Whether the arrest of plaintiff Christopher Bittner was supported by probable cause (Count I, IV, VI).

(2) Whether Officer Williams' touching of the plaintiff was privileged (Count II).

(3)   Whether Officer Williams' conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community (Count III).

(4)   Whether Officer Williams conduct caused the plaintiff emotional distress (Count III).

(5)   Whether the plaintiff suffered emotional distress so severe that no reasonable person could be expected to endure it (Count III).

(6)   Whether any search of the plaintiff was unlawful (Count IV).

(7)   Whether a claim for due process may lie in the context of an arrest (Count IV).

(8)   Whether plaintiff Christopher Bittner's comments to Officer William were protected First Amendment speech (Count IV).

(9)   Whether a claim that plaintiff Christopher Bittner's right to petition the government for redress of grievances under the First Amendment was violated may lie without evidence of retaliation (Count IV).

(10)  Whether Officer Williams utilized threats, intimidation or coercion to deprive plaintiff Christopher Bittner of rights secured by the U.S. Constitution (Count V).

(11)  Whether the Town of Tisbury is immune from a claim of abuse of process (Count VII).

(12)  Whether the plaintiff has stated a claim upon which relief may be granted against Chief Saulnier.

(13)  Whether Officer Williams is entitled to qualified immunity.

(14)  Whether adequate presentment has been made pursuant to G.L. c.258 § 4 (Count VIII).

I. AMENDMENTS TO PLEADINGS

No party is seeking any amendments to the pleadings at this time.

J. ADDITIONAL MATTERS

The parties have yet to take any deposition in this matter and will require additional time to complete discovery. The defendant, will leave of Court and in interest of judicial economy, anticipate filing a motion for summary judgment addressing the following claims for possible resolution: assault & battery (Count II), intentional infliction of emotional distress ( Count III), claims of violations of the plaintiff's right to be free from unlawful search, to due process, to free speech and to petition the government for redress of grievances pursuant to the U.S. Constitution, for which damages are sought pursuant to 42 U.S.C. § 1983 (Count IV) and G.L. c.12 § H and I, the Massachusetts Civil Right Act ("MRCA") (Count V) malicious prosecution (Count VI), abuse of Process as against the Town and Chief Saulnier (Count VII), negligent supervision and training pursuant to 42 U.S.C. § 1983 (Count IX) and loss of consortium (Count X). The defendants aksi anticipate filing a notion to bifurcate trial insofar as evidence of prioor complaints and discipline, while potentially relevant to the claims against the Town of Tisbury, may be prejudicial to Officer Frank Williams.

K. LENGTH OF TRIAL

The parties expect that the trial will last four (4) days.

L. LIST OF WITNESSES

<u>Plaintiff's possible witnesses include:</u>

      1. The Plaintiff Christopher Bittner, North Salem, New York, (Factual Witness)

      2. Plaintiff Carol Bittner, Tisbury, Massachusetts, (Factual Witness)

      3. Defendant Officer Frank Williams, Tisbury Police Department, (Factual Witness)

4. Tisbury Police Chief Theodore Saulnier,(Factual Witness)

5. Joyce Allen, Tisbury, Massachusetts, (Factual Witness)

6. Karen Russillo, Tisbury, Massachusetts, (Factual Witness)

7. Arthur Parker, Tisbury, Massachusetts, (Factual Witness)

8. Steven Sarles, Tisbury, Massachusetts, (Factual Witness)

9. Talbot Britt, (Factual Witness)

10. Dr. Dr. David J. Gorenberg of Falmouth, Massachusetts, (Plaintiff's Doctor, Expert)

11. Dr. William S. Rosenfeld, White Plains, New York, (Plaintiff's Doctor, Expert)

12. Dr. Chiman Patel, North Salem, New York, (Plaintiff's Doctor, Expert)

13. Wendy Jones, Terrytown, New York, (Plaintiff's Doctor, Expert)

14. Attorney Daniel Larkosh, Edgartown, Massachusetts, (Factual Witness) ;

15. Peter E. Strock of Tisbury, Massachusetts, (Factual Witness)

16. Bruce Campbell of Tisbury, Massachusetts, (Factual Witness) and

17. Dr. Daniel Cameron, Mt. Kisco, New York (Plaintiff's Doctor, Expert)

Plaintiff reserves the right to supplement this list, to all rebuttal witnesses, or otherwise as needed.

Defendants' possible witnesses include:

1. Defendant Officer Frank Williams, Tisbury Police Department (Factual Witness)

2. Tisbury Police Chief Theodore Saulnier (Factual Witness)

  3. Talbott Britt (Factual Witness)

  4. Officer Nicholas Monaco (Factual Witness)

  5. Joyce Allen, Tisbury, Massachusetts (Factual Witness)

  6. Karen Russillo, Tisbury, Massachusetts (Factual Witness)

  7. Steven Sarles, Tisbury, Massachusetts (Factual Witness) and

  8. Any witness identified by the plaintiff.

Defendants reserve the right to supplement this list in a timely manner.

## M.  PROPOSED EXHIBITS

1. Plaintiffs' Exhibits

Exhibit 1- Medical opinion letter from Dr. William S. Rosenfeld

Exhibit 2- Opinion letter of Wendy Neville Jones

Exhibit 3- Medical records from Four Winds Hospital in Katonah, New York

Exhibit 4- Medical bills from Four Winds Hospital in Katonah, New York

Exhibit 5- Medical records from Dr. David J. Gorenberg of Falmouth, Massachusetts,

Exhibit 6- Medical bills from Dr. David J. Gorenberg of Falmouth, Massachusetts

Exhibit 7- Medical records from Dr. William S. Rosenfeld of White Plains, New York,

Exhibit 8- Medical bills from Dr. William S. Rosenfeld of White Plains, New York,

Exhibit 9- Medical records from Dr. Patel of North Salem, New York,

Exhibit 10- Medical Bills from Dr. Patel of North Salem, New York,

Exhibit 11- Medical records from Wendy Jones, Terrytown, New York,

Exhibit 12- Medical Bills from Wendy Jones, Terrytown, New York,

Exhibit 13- Commonwealth v. Bittner Pretrial Conference Notice Docket Number 02-0523,

Exhibit 14- Criminal Complaint 0235CR000523,

Exhibit 15- Tisbury Police Department Complete Case Report,

Exhibit 16- Tisbury Police Issue Assessment,

Exhibit 17- Tisbury Police Department Case Management Narrative Report ,

Exhibit 18- Expired building permit from the Town of Tisbury,

2. Defendants' Exhibits

Exhibit 1- Tisbury Police Department Complete Case Report

Exhibit 2- Town of Tisbury Police Department Policy and Procedures

| Defendant, Frank Williams, by counsel, | Plaintiffs by counsel, |
|---|---|
| /s/ Regina Ryan | /s/ Andrew M. Fischer |
| Regina Ryan | Andrew M. Fischer |
| Merrick, Louison & Costello | JASON & FISCHER |
| 67 Batterymarch Street | 47 Winter Street, 4th Floor |
| Boston, MA 02110 | Boston, MA 02108 |
| (617) 439-0305 | (617) 423-7904 |
| BBO# 565245 | BB0# 167040 |
| rryan@merricklc.com | afischer@jasonandfischer.com |
| Date:02/08/06 | Date:02/08/06 |

Defendants, Town of Tisbury and Theodore A. Saulnier,
by counsel,
/s/ Katharine Goree Doyle
Joseph L. Tehan, Jr
BBO# 494020
Katharine Goree Doyle, Esquire
BBO# 634131
Kopelman and Paige,PC
31 Saint James Avenue, 7th Floor
Boston, MA 02116
(617) 556-0007
Kdoyle@k-plaw.com
Date:02/08/06

bittner\ptmemo