UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CHRISTOPHER C. BITTNER and                    \*
CAROL BITTNER,                                \*
                                              \*
            Plaintiffs                        \*
v.                                            \*
                                              \* C.A. NO. 04-11417-RCL
FRANK WILLIAMS, THEODORE A.                   \*
SAULNIER, in his capacity as CHIEF OF THE     \*
TISBURY POLICE DEPARTMENT, and                \*
THE TOWN OF TISBURY,                          \*
                                              \*
            Defendants                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Now comes the plaintiff in the above referenced matter and, pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for instructions to be read to the jury. These instructions are submitted as a draft and the plaintiff reserves the right to modify the existing instructions in a timely fashion before trial, add additional or supplemental instructions or remove instructions provided herein.

## I. INTRODUCTION

1. In this case plaintiff Christopher Bittner claims to have suffered damages as a result of defendant Frank Williams' unlawful arrest, detention, assault and battery and prosecution of the plaintiff without probable cause on June 25, 2002. Plaintiff Christopher Bittner has tort claims for false arrest and false imprisonment, intentional infliction of emotional distress, assault and battery, malicious prosecution, abuse of process, as well as civil rights claims against both the Town of Tisbury and Officer Williams. Plaintiff Carol Bittner has a claim of loss of consortium arising out of the damages caused to her husband by the defendants.

Specifically, the plaintiff Christopher Bittner alleges that his arrest and detainment violated his rights under Massachusetts general law, the Constitution of the United Sates, and the Massachusetts Deceleration of rights. Plaintiff Carol Bittner alleges that the civil rights violations her husband suffered caused her to suffer a loss of his companionship.

## II.  GENERAL PRINCIPALS

**A. Burden Of Proof**

2.  In order to prove his claim of violations of 42 USC §1983, the Federal Civil Rights Statute, the plaintiff needs to establish by a preponderance of the evidence each of the following elements:

First:   That the defendants performed acts which operated to deprive plaintiff of one or more of his federal Constitutional rights, as defined and explained in these instructions, by stopping and seizing the plaintiff without probable cause.

Second:   That the defendant acted under the color of the authority of the state of Massachusetts.

Third:  That the defendant's  acts in stopping, arresting, assaulting, battering, and imprisoning the plaintiff, in the circumstances were the proximate cause of damages by the law.

The plaintiff seeks to recover money damages from the defendants and has brought this suit against the defendant police officer who he claims wrongfully stopped and arrested him, an act that officer was prohibited from absent probable cause.  If the Defendant Police Officer, by his conduct, infringed upon the rights of the plaintiff which are guaranteed by the federal and/or state constitutions, then the defendants are liable to the plaintiff for money damages. 42 U.S.C. s.1983.

**B. Preponderance of the Evidence**

3. The burden on the plaintiff in a civil action, such as this, is to prove the elements of their claims by what is termed a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so. It is as though there are evenly balanced scales such that, if the plaintiffs can tip the scales even slightly in their favor, then the plaintiffs will prevail.

This is not a criminal case, and so the elements of the plaintiffs' claims need not be proven "beyond a reasonable doubt."

Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, even though there may be doubts still lingering in your mind. _Sargent v. Massachusetts Accident Co._, 307 Mass. 246, 250, 81 N.E. 825 (1940.) _Zezuski v. Jenny Mfg. Co._, 363 Mass. 324, 293 N.E. 2d 875 (1973).

**C. Weight of Evidence**

4.  The testimony of a police officer is entitled to no special or exclusive sanctity.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.  _Roberts v. Hollocher_, 664 F.2d 200 (8th Cir. 1981); _Darbin v. Nourse_, 664 F 2D 1109 (9th Cir. 1981) _Jennings v. Davis_, 476 F2d 1271 (8th Cir. 1973), _Byrd v. Briske_, 466 F2d 6, 11 (7th Cir. 1972).

**D.  "Color of Law"**

5 "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer.  The Plaintiff does not have to prove that the defendant was acting within the law.  If he was acting as a police officer, then he was acting under the color of law.  <u>Monroe v. Pape</u>, 365 U.S. 167 (1961).  As there is no dispute that Defendant Sullivan was acting in his capacity as a police officer for the Town of Tisbury, you must find that the defendant acted under color of law.

### III. <u>LIABILITY</u>

### A.  FEDERAL CIVIL RIGHTS CLAIMS

i. Plaintiff's Claim

6.  Specifically, the plaintiff alleges that on  June 25, 2002 defendant Police Officer Williams approached him, demanded he produce identification, and when he refused, arrested the plaintiff without probable cause.

The United States Constitution and the Massachusetts Declaration of Rights both provide that all persons have the constitutional right to be secure in their persons, the constitutional right not to be arrested or imprisoned without probable cause, and the constitutional right not to be deprived of liberty, including the right to be free from unreasonable violations of one's personal integrity, without due process of law.

The Plaintiff claims violations of these rights when he was unlawfully arrested, assaulted and battered, and imprisoned without probable cause.  .
See <u>U.S. v. Ortiz</u>, 95 S. Ct. 2588 (1975); see also <u>Davis v. Mississippi</u>, 394 U.S. 721 (1969). The laws of the United States authorize the award of actual damages when police conduct, or misconduct, infringes upon these constitutionally guaranteed rights.  42 U.S.C. s. 1983; See <u>Davis v. Smith</u>, 638 F2d 66 (8th Cir. 1981).

**ii. Fourth Amendment Claim**

7.  The plaintiff contends he was deprived of his right to be secure in his person as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  I instruct you that, as a matter of law, the plaintiff has a constitutional right to be secure in his person and free from unreasonable seizure and deprivation of his freedom.  Schiller v. Strangis, 450 F. Supp. at 613 [quoting Landrigan v. City of Warwick, 628 F. 2d 736, 741-42 (1st Cir. 1980)].  The plaintiff will establish a seizure in violation of the Fourth Amendment if he proves by a preponderance of the evidence that in the totality of the circumstances, the seizure and the amount of force applied in effecting the seizure was unreasonable.  Graham v. Connor, 490 U.S. 386 (1989).

### iii. Fourteenth Amendment Claim

8.  You are instructed that the Fourteenth Amendment to the Constitution of the United States guarantees all persons the right not to be deprived of liberty without due process of law. This means, essentially, that all persons are entitled to justice through the court system and that they cannot be deprived of their liberty, or freedom without a due process hearing.  Screws v. United States, 325 U.S. 91 (1945).

If you find that any of the defendants in this case "Decide[d] to take the law into their own hands and acte[d] as prosecutor, jury and judge…", Screws, 325 U.S. at 106, or that defendant deprived this plaintiff of.."the right to be tried by a court rather than by ordeal."  id. at 107, then you must find that the defendants deprived the plaintiff of his Fourteenth Amendment right to due process of law.  Id. at 107.

### iv. Willful Violation of Fourteenth Amendment

9.  If you the jury should find from the evidence in the case that the defendants did wrongfully arrest the plaintiffs as charged in the complaint, and should further find that defendant acted willfully in wrongfully arresting the plaintiff, then you may find the defendant liable for willfully subjecting the plaintiff to the deprivation of a right and privilege secured and protected by the Constitution of the United States, as charged in the complaint whether or not there is any explicit showing of malice in the constitutional violation.  Screws v. United States, 325 U.S. 91, 101-103, 106-107, 65 S.Ct. 1031, 1035-1038, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945).

**v. Fourteenth Amendment and 42 USC §1983 Generally**

10.   The Fourteenth Amendment to the Constitution provides that:  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the Unites States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Screws v. United States, 325 U.S. 91, 98, 65 S. Ct. 1031, 1033, 89 L. Ed. 1495, 162 A.L.R. 1330 (1945); United States v. Cooney, 217 F. Supp. 417 (D. Colo. 1963).

Section 1983 of 42 U.S.C.A. provides that:  "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State … to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States", shall be guilty of an offense against the laws of the United States.  The statute just read to you is one of the Civil Rights Acts enacted by the Congress to enforce the Fourteenth Amendment to the Constitution of the United States.  Four essential elements are required to be proved in order to establish the violation of constitutional rights alleged by the plaintiff.

First:  The act or acts of defendants in wrongfully arresting, beating, and prosecuting the plaintiff was without justification or probable cause;

Second: Such act or acts were done under color of some State law, or some County ordinance, or some regulation of Police Department of the State of Massachusetts issued in accordance therewith, as charged;

Third:  Doing such act or acts unlawfully; and

Fourth: Doing such act or acts in such a way or manner, and under such circumstances, as willfully to deprive the plaintiff of his Federal Constitutional right to be secure in his person, and not to be denied liberty or freedom from corporal punishment, without due process of law.  Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 Led. 1495, 162 A.L.R. 1330 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; Koehler v. United States, 189 F. 2d 711 (5th Cir. 1951), cert. denied 342 U.S. 852, 72 Ct. 75, 96 L.Ed. 643 (1951), reh.

denied 342 U.S. 889, 72 S.Ct. 172, 96 L.Ed. 667; <u>Apodoca v. United States</u>, 188 F.2d 932

(9th Cir. 1951).

### vi. Color of Law Requirement

11.   Since the defendant acted with an intention to take official action against the plaintiff, and acted in his capacity as a police officer in stopping, questioning, assaulting and battering, arresting and prosecuting plaintiff Christopher Bittner, then you must find that defendant Williams was acting under color of state law.   *Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); *Screws v. United States*, 325 U.S. 91, 65 S. Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945); *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), reh. denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; *United States v. Jackson*, 235 F. 2d 925 (8th Cir. 1956); *Brown v. United States*, 204 F.2d 247 (6th Cir. 1953); *Koehle v. United States,* 189 F. 2d 711, 713 (5th Cir. 1951), cert. denied 342 U.S. 889, 72 S. Ct. 75, 96 L.Ed. 643 (1951), reh. denied 342 U.S. 889, 72 S. Ct. 172, 96 L.Ed. 667; *Catlette v. United States,* 132 F.2d 902 (4th Cir. 1943); *United States v. Lynch*, 94 F. Supp. 1011 (N.D. GA. 1950), aff'd 189 F. 2d 476 (5th Cir. 1951), cert. denied 342 U.S. 831, 72 S. Ct. 50, 96 L.Ed. 629 (1951).

**vii.  Requirement that Defendants Acted "Wrongfully"**

12.  If you determine that the defendant committed the acts of which he is charged, and did so under color of law, then you may determine that he did those acts wrongfully. You are instructed that the Fourth Amendment to the United States Constitution provides people in this country with the right to be secure in their persons.  _Schiller v. Strangis_, 450 F. Supp. at 613 [quoting _Landrigan v. City of Warwick_, 628 F. 2d 736, 741-42 (1st Cir. 1980)]

**vii.  Requirement that Defendants Acted "Knowingly"**

13.  An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident of other innocent reason.  _U.S. v. A & L Trucking Co._, 358 U.S. 121, 125 (1958).  It is not necessary to find that any defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendants acted in a manner which resulted in a violation of the plaintiff's rights.  _Gomez v. Toledo_, 446 U.S. 635 (1980); _Monroe v. Pape_, 365 U.S. 167 (1961); _Pierson v. Ray_, 386 U.S. 547 (1967); _Roberts v. Williams_, 456 F.2d 819 (5th Cir. 1971); _Skehan v. Board of Trustees_, 538 F.2d 53 (3d Cir. 1976) (en banc).

**viii. Constitutional Protections Under §1983 Generally**

14.  While every push and shove does not amount to a constitutional violation, it is likewise clear that the shield of the constitution covers the individual's physical integrity. Each of us, as citizens under the constitution, can expect to be safe and secure from seizure or unlawful orders.   Deliberate indifference to the victim's well-being is more than negligence and supports a §1983 claim.  _Taylor v Ledbetter_, 818 F2d 791 (11th Cir., 1987)  Gross negligence or reckless disregard for the safety of others is cognizable as a constitutional violation actionable under §1983.  _White v Rochford_, 592 F2d 381 (7th Cir., 1979)

### ix. Excessive Force in Arrest

15.   Plaintiff Christopher Bittner alleges that he was subjected to excessive force by defendant Williams in effecting his arrest on June 25, 2002.  In that regard, you are instructed that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with due process of law.  A person, even if he is being lawfully arrested, has a constitutional right to be free from excessive force.  A police officer is entitled to use such force as is reasonable to take the arrested person into custody or to conduct an inventory search during a booking process.  This may include only such force as is reasonably necessary to overcome any resistance to his lawful performance of his duties as a police officer.  No police officer is allowed to use any force beyond that reasonably necessary to accomplish such lawful purpose.  Force may be used only to overcome physical resistance or threatened force.  Bauer v. Norris, 713 F2d 408 (8th Cir. 1983) Voutour v. Vitale, 761 F2d 812 (1st Cir. 1985), United States v. McQueeney, 674 F2d 109 (1st Cir. 1972), Landrigan v. City of Warwick, 628 F2d 736 (1st Cir. 1972).

**x. Objective Reasonableness Standard**

16. The defendant need not have intended to violate the constitutional rights of the plaintiff.  The conduct of state and government officials is to be measured by an "objective reasonableness" standard.  If defendant William's conduct was enough to violate a "clearly established constitutional rights that a reasonable person would have known" is enough for you to find that defendant Williams violated plaintiff Christopher Bittner's civil rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

**xi. Municipal Liability Generally**

17.  The Town of Tisbury is liable when you find that plaintiff has proved that he has been deprived of one or more of his  constitutional rights and that such deprivation was done pursuant to a government practice, policy, or custom.  <u>Foley v. City of Lowell, et.al.</u>, 948 F.2d 10 (1st Cir. 1991)  <u>Monell v. Department of Social Services</u>, 436 US 658, 694 (1978).

**xii. Practice, Policy, or Custom**

18.   When the plaintiff is injured as a result of a government's practice, policy or custom, the city itself is responsible for the injury that it caused.   The essential elements of a plaintiff's claim under 1983 against a municipality are an official policy, practice, or custom that caused a denial of a constitutional right in this case.   Specifically, we are concerned with the alleged deprivation of Plaintiff Christopher Bittner's constitutional rights to due process and to be free from unreasonable seizure. Foley v. City of Lowell, et.al., 948 F.2d 10. Monell v. Department of Social Services, 436 US at 694.

**xiii. Policy, Practice, and Custom: Causation**

19.  A governmental body can be found responsible for the deprivation of a person's constitutional rights if the actions taken by its police officers are in accordance with a practice, policy or custom of the government and the individual actions of the police officers caused the deprivation of plaintiff's rights.  <u>Foley v. City of Lowell, et.al.</u>,  948 F.2d 10. <u>Board of County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. at 403.

**xiv. Vicarious Liability**

20.   The defendant Town of Tisbury is the employer of police officers.   The city cannot be held liable for violations of the plaintiff's constitutional rights under the federal civil rights law on account of the individual officers' activities merely because the police officers are its employees.   <u>Foley v. City of Lowell, et.al.</u>, 948 F.2d 10.   <u>Monell v. Department of Social Services</u>, 436 US at 694.   However, the Town of Tisbury can be found liable if the individual officers were free to act as they did because the town failed to properly train, supervise, and discipline so that the Defendants felt free to violate Plaintiff Christopher Bittner's rights under the Massachusetts Deceleration of Rights, the United States Constitution, and the Common Law of Massachusetts.

**xv. Plaintiff's Burden of Proof**

21.  The plaintiff must show that the Town of Tisbury's own policy, practice or custom demonstrates deliberate indifference to the rights of persons with whom the police come in contact and that the city's deliberate indifference must be causally linked to the specific violation of plaintiff's rights in this case. <u>Foley v. City of Lowell, et.al.</u>, 948 F.2d 10.  <u>Board of County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 404 (1997).

**xvi. Custom or Practice Defined**

22.   A Custom or practice may be an official policy of the city.  However, the custom or practice does not have to be authorized by written law, nor must it be the result of formal approval through official decision-making channels.  It is enough that the custom or practice is so permanent and well established as to demonstrate implicit authorization or approval or acquiescence of the unconstitutional kind. Foley v. City of Lowell, et.al., 948 F.2d 10.

**xvii. Failure to train, Supervise, or Discipline Constituting a Custom or Practice**

23.  Where a city's failure to train, supervise, or discipline police officers is with deliberate indifference of plaintiff's rights and this failure to train, supervise or discipline constitutes a custom or practice of the city, then the city itself may be held liable under 1983. Foley v. City of Lowell, et.al., 948 F.2d 10.

**xviii. Failure to Train, Supervise, or Discipline: Causation**

24.   Oversights in the training process or simple negligence in some training or disciplinary procedures will give rise to a §1983 violation.  Where, the training, supervision, or disciplinary procedures amounts to deliberate indifference to the rights of persons with whom the police came in contact.  If you find that the city's alleged failure to train, supervise, or discipline police officers constitutes a custom, practice, or policy of the Town of Tisbury, you must also find that there is a direct link between the municipal policy or custom or practice and the alleged constitutional deprivation you find to have occurred in this case.

Foley v. City of Lowell, et.al., 948 F.2d 10.

## C. STATE CIVIL RIGHTS CLAIMS

### i. Rights Under the Massachusetts Constitution and Massachusetts General Laws

25.  The plaintiff further alleges that the conduct of the defendant police officer violated his rights under the Massachusetts Constitution and Massachusetts Civil Rights Act, Mass. General Laws Ch. 12, Section 11 I.  These rights include the right of the individual to be secure in their person,  [Massachusetts Constitution, Declaration of Rights, Article XIV]

In order to prevail on the state civil rights act violation claim, the plaintiff must show that his civil rights, specifically the right to be secure in his person, was interfered with by threats, intimidation or coercion. *Sena v. Commonwealth*, 417 Mass. 250 (1994).

Should you find that defendant Williams'stop, arrest, assault and battery and imprisonment  constituted threats or coercion that violated plaintiff Christopher Bittner's right to be secure in his person, then you must find a violation of the Massachusetts Civil Rights Act.

**D. COMMON LAW TORTS**

**i. Claims**

26.   The plaintiff also claims that the defendant Police Officer committed common law intentional torts upon plaintiff Christopher Bittner, by falsely imprisoning him, by assaulting and battering him, by abusing process against him, by maliciously prosecuting him, and by intentionally causing him emotional distress by the recklessness and outrageousness of their conduct.

**ii. Assault and Battery**

**a. Assault and Battery Generally**

27.   Assault and Battery is an intentional and unjustified use of force, however slight, upon the person of another.  <u>LeSaint v. Weston</u>, 301 Mass 136 (1938); <u>Ross v Michael</u>, 246 Mass 126 (1923).  If you should find that the defendant used unjustified force against Plaintiff Christopher Bittner, then you should find that the defendants assaulted and battered the plaintiff.

**b. Assault**

28.  To establish a case for assault, the plaintiff must prove that the defendant intended to cause harmful or offensive contact with that plaintiff's person or intended to cause plaintiff to fear the infliction of harmful or offensive contact with his person, and that such contact or apprehension of immediate bodily harm was without plaintiff's consent.  <u>O'Brien v. Cunard, S.S. Co.</u> 154 Mass 272 (1891).

**c. Battery**

29.  To establish a case of battery, plaintiff must prove that:  (I)  the defendant intended to cause a harmful or offensive contact with his person; (ii) defendant made contact with plaintiff's body; and (iii) plaintiff did not consent to the contact. <u>Lynch v. Egbert</u>, 360 Mass. 90 (1971).

**d. Battery: Plaintiff's Burden of Proof**

30.  It is not necessary for a plaintiff to prove that the defendant intended the specific harm which the plaintiff suffered as a result of the battery.  Instead, it is the contact with plaintiff's body which must be intended and not the result.  <u>Com. v. Hawkins</u>, 157 Mass. 551, 553 (1893).  See also Nolan and Sartorio, <u>Tort Law,</u> 37 M.P.S. Sec. 14 (1989).

**e. Justification**

31.  The defendants bear the burden of proving that any assault or battery on the plaintiff is justified.  If you, the jury, find that Plaintiff Bittner submitted to the arrest before being assaulted and battered, then a finding or justification is not available.  Ware v. Garvey, 139 F. Supp. 71, 79 (D.C. Mass. 1956) applying Massachusetts substantive law); Julian v. Randazzo, 403 N.E. 2d 931, 934 (1890).  See also Nolan and Sartorio, Tort Law, 37 M.p.S. Section 181 (1989).

**f. Amount of Force**

32.  If the defendants fail to prove that the amount of force used was justified, then the defendants are liable for the damage to plaintiff caused by the use of force.  <u>Restatement of Torts</u>, 2d Section 132, cited in Nolan and Sartorio, <u>Tort Law</u>, 37 M.P.S. Section 181 at 321 (1989).

**g. Justified Use of Force, Burden of Proof**

33.  If the defendants prove that the assault or battery was justified, the defendants are not free to apply any degree of force to plaintiff.  Rather, the defendants bear the burden of proving that the amount of force used was not excessive. <u>Id</u>.

**h. Self Defense**

34.  If the defendants fail to prove that the amount of force used was justified, the plaintiff is privileged to use that degree of force that is reasonably necessary to defend himself against the application of excessive force by the defendants.  Restatement of Torts, 2d Section 63 -75, cited in Nolan and Sartorio, Tort Law, 37 M.P.S.  Section 181 at 322.

### i. Excessive Force Determination

35.   To determine whether their defendants applied excessive force in the arrest of plaintiff, you must consider the totality of the circumstances, including the Rules and Regulations in effect regarding the application of force of the Tisbury Police Department, the size and position of the plaintiff and defendants, the amount of resistance to the use of force by plaintiff and all other circumstances and evidence.   Restatement of Torts, 2d, Section 132; Nolan and Sartorio, supra, at 321.

### j. False Imprisonment

36.   A police officer commits a false imprisonment of another if: (1) he arrests the individual without a legal privilege to do so; and (2) the police officer intentionally confines the individual for some period of time; that is, if he forcibly or by threat of force, or by assertion of legal authority to arrest or detain, prevents the individual from moving about.

To constitute confinement, one must be restrained within a limited area for a perceptible period of time, but such restraint need not be for a lengthy period of time.  Even seconds are sufficient, if the restraint is complete. <u>Dunaway v. New York</u>, 442 U.S. 200 (1979); <u>Brown v. Texas</u>, 443 U.S. 47 (1979) <u>Henry v. United States</u>, 361 U.S. 98 (1959) <u>Brinegar v. U.S.</u> 338 U.S. 160, 175-176 (1949) <u>Alegata v. Comm</u>. 353 Mass. 287.

**k.  Intentional Infliction of Emotional Distress**

**I.  Intentional Infliction of Emotional Distress Standard**

37.  To establish a case for the intentional infliction of emotional distress plaintiff must prove the (i) the defendants committed acts or omissions intended to inflict such distress that the defendants knew or reasonably should have known that such distress was the likely result of their conduct; (ii) the conduct was extreme and outrageous; (iii) the conduct caused plaintiff's distress and (iv) the plaintiff suffered severe distress.  <u>Agis v. Howard Johnson Co.</u> 371 Mass. 140, 355 NE 2d 315, 318-19.  (1976).  Patterns of conduct which a fact-finder could find were extreme and outrageous or reckless in their totality are sufficient for a finding of intentional infliction of emotional distress, even where the acts, if taken alone, may not be sufficiently extreme to find liability for infliction of emotional distress.

If you, the jury, find that the conduct of the defendant, in assaulting, battering and arresting the plaintiff in violation of his Fourth Amendment Rights was extreme and outrageous, then you should find that the acts of the Defendant Police Officer constitute the Intentional infliction of emotional distress.  , <u>Boyle v. Wenk</u>, 378 Mass. 592, 392 NE 2d 1053, 1055-56 (1979); <u>George v. Jordan Marsh Co.</u>, 359 Mass. 244, 268 NE 2d 915, (1971).

**II. Intentional, Reckless, and Outrageous**

37.  If you find the defendants' conduct against plaintiff was intentional and reckless and was so outrageous that it offended all sense of decency in the community, you may find that the conduct of the defendants constituted an intentional infliction of emotional distress upon plaintiff Christopher Bittner.  <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140 (1976).

**III. Abuse of Process**

_____38.  To establish a case of abuse of process, plaintiff must prove that defendant Police Officer used legal process, in this instance the initial filing of a criminal complaint alleging disorderly conduct for an ulterior or illegitimate purpose, causing plaintiff damage. Stromberg v. Costello, 456 F. Supp. 848 (D.C. Mass. 1978) (applying Massachusetts substantive law); Beecy v. Puccarelli, 387 Mass. 589, 441 N.E. 2d 1035, 1039 (1982).

The plaintiff contends that the illegitimate or ulterior purpose was to cover up the fact that the defendant Williams battered and assaulted and wrongfully arrested the plaintiff, Christopher Bittner, and to intimidate him from exercising his constitutional rights against defendant Williams.  If you find that defendant Williams brought criminal charges against the plaintiff for either of these reasons, then you should find he abused process against the plaintiff.

**l. Malicious Prosecution**

**I. Generally**

39.   A police officer engages in malicious prosecution when: 1) he initiates criminal charges against the plaintiff; 2) the criminal prosecution is ended in the plaintiff's favor; 3) there was no probable cause to initiate the criminal charge; and 4) the police officer acted maliciously. <u>Beecy v. Puccarelli,</u> 387 Mass. 589, 441 N.E. 2d 1035, 1038 (1982).

If you find that the arrest and prosecution of the plaintiff was initiated with malice and without probable cause, then you must find that defendant Sullivan, who sought the complaint against the plaintiff is liable to the plaintiff for malicious prosecution.

**II. Plaintiff's Burden of Proof**

40.   To show that the defendant initiated legal process in a criminal matter requires plaintiff to prove that the defendant either exercised control or influence over the issuance of the criminal complaint or directed the initiation of the criminal complaint itself.   <u>Leventhal v. Dockser,</u> 358 Mass. 799 (1970).

**III. Defendant's Mental State Relevant**

41.  Whether the defendant knew or had reason to know that the underlying criminal complaint was groundless is relevant to show that the process was used for an illegitimate or ulterior purpose, <u>Fishman v. Brooks</u>, 346 Mass. 643 (1986); <u>Reardon v. Sadd</u>, 268 Mass. 345, 348, (1928).

## IV.  DAMAGES

### A. In General

42.     The term "damages" refers to all factors that make up the total amount which the plaintiff may recover under the law.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore to the position he would have been in had the wrong not occurred.  The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiff's damage.  It is your obligation to assess what is fair, adequate, and just.  You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for his injuries.  You must be guided by your common sense and your conscience.

W.P. Keeton, *Prosser and Keeton* § 54, at 359-67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry. Co.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkwagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990)

*Edwards v. Sears, Roebuck & Co.*, 512 F. 2d 276 (5th Cir. 1975).

*Binder v. Harris*, 267 Mass. 162, 166 N.E. 707 (1929).

**B. Considerations in Damage Calculations**

    43.  While damages must be reasonably ascertainable from the evidence, the fact that there is an element of uncertainty in their assessment is not a bar to recovery.  In this area, much can and must be left to the judgment and estimate of you, the finders of fact.

*Agoos Leather Companies v. American & Foreign Ins. Co.*, 342 Mass. 603, 174 N.E. 2d 652, 655. (1961).

## C.  Pain and Suffering

44.   There are two types of pain and suffering: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff physically injured.  You are to take into account the past pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury.  You should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff.  You may consider the extent to which the plaintiff's injuries have caused him a loss of pleasures which he otherwise probably would have had in the form of work or play or family life or whatever.  The plaintiff is entitles to full compensation for any reduction in the enjoyment in life which you conclude has resulted or probably will result from this accident.

You should also consider and allow fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result of the defendant's wrong.  This could include any permanent loss of bodily function.  You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure for past, present, and future suffering such as you find has been proved by the evidence.

_Rodgers v. Boyton,_ 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

_Sullivan v. Boston Gas Co._, 414 Mass. 129, 137-38, 605 N.E.2d 805, 810 (1993).

*Payton v. Abbott Labs.*, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982).

*Dziokonski v. Babineau*, 375 Mass. 555, 380 N.E.2d 1295 (1978).

*Agis v. Howards Johnson Co.*, 371 Mass. 140, 143-45, 355 N.E.2d, 317-18 (1976).

*Colla v. Mandella*, 1 Wis.2d 594, 85 N.W.2d 345 (1957).

W.P. Keeton, *Prosser and Keeton on Torts* § 54, at 359-66 (5th ed. 1984).

**D.  Medical Expenses**

45.  You also must consider medical, hospital, and nursing expenses incurred by the plaintiff on account of his injuries.

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary.  Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.

The plaintiff is entitled to recover for whatever expenses he proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries.  The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

_Rodgers v. Boyton_, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

_Griffin v. Gen. Motors Corp._, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980).

_Cross v. Sharaffa_, 281 Mass. 329, 331-32, 183 N.E. 838, 839-39 (1933).

Doherty v. Ruiz, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

### E. Permanent Injury

46.   If you find that the plaintiff's injuries are permanent, you may include in your award at this time what you feel the plaintiff is entitled to for future mental and physical pain and suffering, for future mental anguish due to the nature of his injuries, and for impaired earning capacity.   This is because he is entitled to only one recovery for his injuries, which you are to make at this time.   He cannot come back years or even months from now and sue for additional money for problems which will develop in the future.   You must therefore include in your award now any money you feel he will be entitled to in the future for injury, expense, pain or suffering.

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

**F.  General Damages**

47.  In evaluating the plaintiff's general damages, that is, his past and future physical and mental pain and suffering, you may take into account such factors as loss of bodily function, deformity and disfigurement, embarrassment and humiliation, and loss of enjoyment of life.

_DoCanto v. Ametek, Inc._, 367 Mass. 776, 328 N.E.2d 873 (1975).

**G.  Future and Present Pain and Suffering**

48.  In determining the plaintiff's damages for mental and emotional distress, you are to fairly compensate him for the past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.

You may include in your award any amount which you feel fairly compensate the plaintiff for the deterioration if his health, for medical, psychiatric and counseling expenses and for impairment in his earning capacity resulting from the emotional stress.

*Simon v. Solomon*, 385 Mass. 91, 431 N.E.2d 556 (1982);

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

**H. Preexisting Condition**

  49. In determining the extent of the plaintiff's damages, if it is determined that the plaintiff had a preexisting condition, the defendant is still responsible for the harmful results of the combined effects of the wrongful act and pre-existing injury or condition, and if the combined effect of the wrongful conduct and a preexisting condition produces a new injury, the defendant is responsible for the new injury.

37 NOLAN & SARTORIO, MASSACHUSETTS PRACTICE § 13.6 (3d ed.2005).

*McGrath v. G&P Thread Corp.*, 353 Mass. 60, 228 N.E.2d 450 (1967).

*Wallace v. Ludwig*, 292 Mass. 251, 198 N.E. 159 (1935).

**I. Earing Capacity**

50.   Whether people are employed, are retired, or never have worked in their lives, each one has the ability to earn money, which is called an earning capacity.  The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors.

Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.

If someone hurts a person so that the individual cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you.

A person may have an earning capacity in excess of the wages paid him or her in the job that happens to have at the time of the injury.

Evidence of wages paid is but one factor in your determination of diminution of earning capacity.  Bear in mind that it is the diminution in earning capacity of this plaintiff himself, and not some standard of a normal person in his position, that furnishes the test.

Therefore, you may consider evidence of what the plaintiff did until his accident, what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what he was like in order to help determine his capacity to earn since the accident and into the future.  You may not tale into account anything that is merely possible, speculative, or imaginative.  Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.

If the plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that, by reason of the injury caused by the reason the defendant, he was unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider.  If you conclude that the plaintiff will not be able to work anymore because of injuries or his ability to earn money will be permanently diminished, because for that loss until the year he would not have had

capacity to earn if there had not been an accident.

Griffin v. Gen. Motors Corp., 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980).

Doherty v. Ruiz, 302 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

Bagley v. Kimball, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

Cross v. Sharaffa, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933).

Copson v. New York, New Haven & Hartford R.R. Co., 171 Mass. 233, 237, 50 N.E.2d 613, 614 (1898).

**J.  Loss Of Earing Capacity**

51.  In determining, the damages sustained by plaintiff Bittner for loss of earning capacity, you may consider the nature and scope of his employment to his injury and the degree of professional success which he attained.

Loss of earning capacity is not loss of wages.  It is diminutive in one's ability to earn a living.  Lost wages are only evidence of the loss.

Leave v. Boston Elevated Ry. Col., 306 Mass. 391, 28 N.E.2d 483 (1940).

Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 507 N.E.2d 662 (1987).

Cuddy v. L & M Equip. Co., 352 Mass. 458, 225 N.E.2d 904 (1967);

Doherty v. Ruiz, 302 Mass. 145, 18 N.E.2d 542 (1939).

**K. Loss of Consortium**

52.  The plaintiff's spouse, Carol Bittner also a plaintiff in this action, has a claim to recover for the damages she has suffered as a result of the defendant's negligence.  This type of claim is called loss of consortium, and it allows recovery to the spouse of a physically injured person caused by the negligence of a third person.

Any recovery for loss of consortium requires proof of a tortious act that caused injury to plaintiff Bittner.  The word "consortium" really means a right which grows out of a marital relationship between husband and wife.  It is a right to enjoy the society and companionship and the affection, including the right to sexual relations between the spouses as a part of the marriage relationship.

Therefore, if you find that as a result of the defendant Williams' act plaintiff Carol Bittner has suffered or is reasonably certain to suffer in the future a loss of consortium, you should fairly and reasonably compensate the spouse for the loss.  You may consider, in this area of loss of consortium: (1) loss of companionship and society; (2) loss of comfort, solace, or moral support; (3) any loss of enjoyment of sexual relations or ability to have children; (4) any restrictions on social or recreational life; and (5) basically any deprivation of the full enjoyment of the marital state.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of damages with those belonging to plaintiff Christopher Bittner; each is entitled to damages to damages for his or her individual loss.

For instance, any losses which the plaintiff may be entitled to recover, such as nursing expenses or hospital bills, may not be considered in the loss of consortium claim.  You You are not compensate for any financial losses of plaintiff Carol Bittner which may be included in the plaintiff Christopher Bittner's loss of earning capacity.

<u>Mouradian v. Gen. Elec. Co.</u>, 23 Mass. App.Ct. 538, 544, 503 N.E.2d 1318, 1321 (1987).

<u>Diaz v. Eli Lilly & Co.</u>, 364 Mass. 153, 160, 302 N.E.2d 555, 559-60 (1973).

<u>Feltch v. Gen. Rental Co.</u>, 383 Mass. 603, 607-09, 421 N.E.2d 67, 70-71 (1981).

<u>Rodgers v. Boyton,</u> 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943);see also Diaz v. Eli

Lilly & Co., 364 Mass. 153,161-62, 302 N.E.2d 555, 560-61 (1973).

<u>Morgan v. Lalumiere,</u> 22 Mass.App.Ct. 262, 271, 493 N.E.2d 206, 212, review denied, 398

Mass. 1103, 497 N.E.2d 1096 (1986).

<u>Feltch v. Gen.Rental Co.</u>, 383 Mass. 603, 606-09, 421 N.E.2d 67, 70-71 (1981).

**L. Total Award**

53.  Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and any future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages.  The total sum must be fair compensation for the entire injury, no more and no less.

*Rodgers v. Boyton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

*George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

*Stella v. Curtis*, 348 Mass. 458, 204 N.E.2d 457 (1965).

*Lewis v. Springfield*, 261 Mass. 183, 158 N.E. 656 (1927).

Plaintiffs by counsel,

Date: 2/8/06

/s/ Andrew M. Fischer
Andrew M. Fischer
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
BB0# 167040
afischer@jasonandfischer.com

bittner/juryint.wpd