UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11417-RCL

CHRISTOPHER C. BITTNER and CAROL
BITTNER,

Plaintiffs

v.

FRANK WILLIAMS, THEODORE A.
SAULNIER, In His Capacity as CHIEF OF
THE TISBURY POLICE DEPARTMENT, and
THE TOWN OF TISBURY,

Defendants

DEFENDANTS' PROPOSED
JURY INSTRUCTIONS

Now come the defendants and hereby submit the following proposed instructions (numbered 1 through 62) for submission to the jury.  The defendants reserve the right to seasonably supplement the within instructions:

**WITNESSES**

1.     In determining the credibility of the testimony of a witness you may consider the relationship of the witness to the plaintiff.  United States v. Vandetti, 623 F.2d 1144 (6th Cir., 1980).  You may ask yourself whether the witness had an interest in the outcome of the case or any motive, bias or prejudice.

## <u>WITNESSES</u>

2.    If you find a witness has testified falsely as to a portion of his or her testimony, you may
      take this into account in determining the credibility of the remainder of his or her
      testimony and you may reject all the testimony.   <u>Ducharme</u> v. <u>Holyoke S.R. Co.</u>, 203
      Mass. 397, 89 N.E. 561 (1909).

## **WITNESSES**

3.      The intelligence and morality of the witness as he or she appears upon the stand may be considered in determining credibility.  Jennings v. Whitehead & Atherton Machine Co., 138 Mass. 594, 598 (1885).

**BURDEN OF PROOF**

4.     The burden of proof is on the plaintiff in a civil action, such as this one, to prove each
and every essential element of his <u>claims</u> by a preponderance of the evidence.  If the
evidence is equally balanced as to any of the essential elements of the plaintiff's claims,
you must find for the defendant.  <u>Storlazzi</u> v. <u>Bakey</u>, 894 F. Supp. 494, 500 (D. Mass.
1995); <u>White</u> v. <u>Vathally</u>, 570 F. Supp. 1431, 1433 (D. Mass. 1983); <u>Borelli</u> v. <u>Top Value
Enterprises</u>, 356 Mass. 110, 113, 248 N.E. 2d 510 (1969).

### <u>DISORDERLY CONDUCT</u>

5.     Probable cause for disorderly conduct exists where a police officer observes a person to behave in a threatening fashion, or in a riotous or sufficiently noisy manner to constitute a public nuisance.  <u>Nolan</u> v. <u>Krajcik</u>, 348 F. Supp. 2d 447 (2005).

## **DISORDERLY CONDUCT**

6.      Probable cause for disorderly conduct can also exist where a police officer repeatedly

asks or requests a plaintiff to comply with an order but the plaintiff refuses.

Commonwealth v. Bosk, 29 Mass. App. Ct. 904 (1990).  Failure to produce a license

upon request of a police officer is an arrestable criminal offense.  See, e.g., Com. v.

Stack, 49 Mass.App.Ct. 227, 233-34, 728 N.E.2d 956 (2000) ("as each driver failed to

produce a license on demand … the police had probable cause to arrest"); Com. v.

Lantigua, 38 Mass.App.Ct. 526, 528, 649 N.E.2d 1129 (1995) ("[t]he defendant's

inability to produce a license was itself a criminal offense … and gave the officers

probable cause to arrest him").  See also G.L. c.90, §25.

## **DISORDERLY CONDUCT**

7.     Disorderly conduct is that which intentionally tends to disturb the public or to alarm or provoke others.  <u>Alegata v. Commonwealth</u>, 353 Mass. 287 (1967).

## <u>DISORDERLY CONDUCT</u>

8.     The public element of the offense of disorderly conduct is readily met in cases where the

proscribed conduct takes place on public streets or by the side of the highway, and it may

also be satisfied if disturbance is likely to affect members of the public. <u>Com.</u> v. <u>Mulvey</u>

<u>(2003) 784 N.E.2d 1138, 57 Mass.App.Ct. 579</u>.

## **DISORDERLY CONDUCT**

9.    If you find that by his conduct, Christopher Bittner, alarmed, disturbed or provoked

Talbot Britt or other members of the public by his conduct, then you must find that

Officer Williams had probable cause to arrest him.

## FALSE ARREST AND IMPRISONMENT v. OFFICER FRANK WILLIAMS (COUNT I)

10.     To prove false arrest, the plaintiff must prove the following elements by a fair

preponderance of the evidence:

        a.      that the defendant arrested the plaintiff, and

        b.      that the arrest was without probable cause.

## <u>FALSE ARREST AND IMPRISONMENT v. OFFICER FRANK WILLIAMS (COUNT I)</u>

11.     An arrest supported by probable cause is not a false arrest for purposes of imposing

civil liability on an officer where the arrestee is later determined to be innocent.

<u>Finucane</u> v. <u>Town of Belchertown</u>, 808 F. Supp. 906 (D. Mass. 1992).

## <u>FALSE ARREST AND IMPRISONMENT v. OFFICER FRANK WILLIAMS (COUNT I)</u>

12.    The determination of whether an officer had probable cause involves the following considerations: whether at that moment the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent (person) in believing that the [defendant] had committed or was committing an offense." <u>U.S. v. Figueroa</u>, 818 F. 2d 1020, 1023 (1st Cir. 1987), quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964).

## ASSAULT AND BATTERY V. OFFICER FRANK WILLIAMS (COUNT II)

13.     In order to recover for a battery, plaintiff must demonstrate that Officer Williams exerted

an intentional and unjustified use of force upon the person of the plaintiff. Jesionowski v.

Beek, 937 F.Supp. 95 (D.Mass. 1996); Ross v. Michael, 246 Mass. 126, 129 (1923).

## ASSAULT AND BATTERY V. OFFICER FRANK WILLIAMS (COUNT II)

14.     The right to make an arrest necessarily caries with it the right to use some degree of physical coercion or threat to effect it.  <u>Graham</u> v. <u>Conor</u>, 490 U.S. 386, 396 (1989). Therefore, the plaintiff cannot recover if you find that Officer Williams's arrest of plaintiff was lawful and that Officer Williams used no more force than was necessary to effect that arrest.  <u>Julian</u> v. <u>Randazzo</u>, 380 Mass. 391, 396 (1980);  <u>Powers</u> v. <u>Sturtevant</u>, 199 Mass. 265, 266 (1908).

## ASSAULT AND BATTERY V. OFFICER FRANK WILLIAMS (COUNT II)

15.    Even if you find that Officer Williams mistakenly arrested the plaintiff, the plaintiff may not recovery for assault and battery unless the amount of force used by Officer Williams was objectively unreasonable.  <u>Dean</u> v. <u>City of Worcester</u>, 924 F.2d 364 (1st Cir. 1991).

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v.. OFFICER FRANK WILLIAMS (COUNT III)</u>

16. In this case, the plaintiff is claiming that Officer Williams intentionally caused infliction of emotional distress.  In order to establish a *prima facie* case of reckless infliction of emotional distress, the plaintiff must establish that, (1) the defendants intended to cause emotional distress or that they should have known that emotional distress was the likely result of their conduct; (2) that the defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) that the defendants' actions were the cause of his emotional distress; and (4) that he suffered emotional distress so severe that no reasonable person could be expected to endure it. <u>Agis</u> v. <u>Howard Johnson Co</u>., 371 Mass. 140, 144-145 (1976)

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. OFFICER**

## **FRANK WILLIAMS (COUNT III)**

17. In order to prove intentional infliction of severe emotional distress, the plaintiff must prove that the defendant acted either with the desire or knowledge that emotional distress would result from his/her conduct or that he/she should have known that his/her conduct would cause the plaintiff to suffer emotional distress. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 465-66, 681 N.E. 2d 1189, 1196-97 (1997); Simon v. Solomon, 385 Mass. 91, 96-97, 431 N.E. 2d 556, 562 (1998); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45, 355 N.E. 2d 315, 318 (1976); George v. Jordan Marsh Co., 359 Mass. 244, 255, 268 N.E. 2d 915, 921 (1971).

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. OFFICER FRANK WILLIAMS (COUNT III)**

18.    It is well settled that liability cannot be founded upon mere insults, threats, or annoyances.  Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987); Sena v. Com., 417 Mass. 250 (1994).The alleged conduct must be so outrageous as to constitute a "high order of reckless ruthlessness or deliberate malevolence."   Conway v. Smerling, 37 Mass.App.Ct. 1, 8-9 (1994).

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. OFFICER FRANK WILLIAMS (COUNT III)</u>

19.    If you find that the plaintiff has satisfied each and every element of his claim for intentional infliction of emotional distress, you must consider the issue of damages.  The rule of damages is a practical instrumentality for the administration of justice.  Its object is to afford the equivalent in money for the actual loss caused by the wrong of another.  You must consider what amount of money would be full, fair and reasonable based on all the evidence.  The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination. <u>Rombola</u> v. <u>Cosindas</u>, 3351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); <u>Agoos Leather Co., Inc.</u> v. <u>American & Foreign Ins. Co.</u>, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); <u>Daniels</u> v. <u>Celeste</u>, 303 Mass. 148, 150, 21 N.E.2d 1, 2 (1939); <u>Sullivan</u> v. <u>Old Colony St. Ry.Co.</u>, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908).

## <u>VIOLATION OF CIVIL RIGHTS, 42 U.S. C. §1983 V. OFFICER FRANK WILLIAMS (COUNT IV)</u>

20.     This case includes a claim under the Federal Civil Rights Act.  In order to prevail on this claim, the plaintiff must prove by a preponderance of evidence that the defendant's conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>See</u> <u>Gutierrez-Rodriguez</u> v. <u>Cartagena</u>, 882 F.2d 553, 559 (1st Cir. 1989). <u>See also</u> <u>Parratt</u> v. <u>Taylor</u>, 451 U.S. 527, 535 (1987); <u>Tatro</u> v. <u>Kervin</u>, 41 F.3d 9, 14 (1st Cir. 1994); <u>Martinez-Velez</u> v. <u>Simonet</u>, 919 F.2d 808, 810 (1st Cir. 1990).

## VIOLATION OF CIVIL RIGHTS, 42 U.S. C. §1983 V. OFFICER FRANK WILLIAMS (COUNT IV)

21.    In order for plaintiff to recover under the Federal Civil Rights Act, he must show, by a preponderance of the evidence, that:

    i.    there has been a deprivation of a federally protected right without due process; and

    ii.   the defendants' conduct was causally connected to the deprivation.

Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).

## **VIOLATION OF CIVIL RIGHTS, 42 U.S. C. §1983 V. OFFICER FRANK WILLIAMS (COUNT IV)**

### **Unlawful Arrest**

22.     The Fourth Amendment to the United States Constitution allows an arrest without a warrant if probable cause exists, i.e. if the facts and circumstances known to Officer Williams were sufficient to warrant a reasonable police officer in believing that the plaintiff had committed or was committing a crime.  Hunter v. Bryant, 502 U.S. 224, 228 (1991); Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994); Lallemand v. University of Rhode Island, 9 F.3d 214, 215 (1st Cir. 1993).

## **EXCESSIVE FORCE**

23.    To prove his claim of excessive force, plaintiff must prove that the defendants, when placing the plaintiff under arrest, used more force than reasonable police officers would think necessary to bring the plaintiff into custody under the circumstances when confronting the defendant.    Graham v. Connor, 490 U.S. 386, 396 (1989); Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994); Gaudreault v. Municipality of Salem, 923 F.2d 203, 205 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

## **EXCESSIVE FORCE**

24.    There is no liability for conduct that is "at least arguably justified."  Floyd v. Farrell, 765

F.2d 1,5 (1st Cir., 1985).

## **EXCESSIVE FORCE**

25.     Reasonable force must be judged from the perspective of a reasonable police officer on the scene, but this judgment is to be made objectively in light of facts and circumstances known to the defendants. Graham v. Connor, 490 U.S. 386 (1989); Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 352 (1st Cir. 1995); Gaudreault v. Municipality of Salem, Mass., 923 F.2d at 205 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

# EXCESSIVE FORCE

26.    In determining the reasonableness of the force used by the defendants, you may consider all the facts and circumstances known to them, including the plaintiff's resistance and possible danger to public safety.  See Graham v. Connor, 490 U.S. at 396 (1989); Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 352 (1st Cir. 1995); Gaudreault v. Municipality of Salem, 923 F.2d at 205 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

## **EXCESSIVE FORCE**

27.     Reasonableness in the context of the use of force by the police is determined by whether or not the actions of the police officers were plainly incompetent, not whether their actions were simply mistaken.  Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 696 (1st Cir. 1994).

## EXCESSIVE FORCE

28.    You should keep in mind that not every push or shove rises to the level of a constitutional violation, and that police officers making arrests are often forced to make split-second decisions about the amount of force needed to effect an arrest while operating under tense, dangerous, and rapidly changing circumstances. Graham v. Connor, 490 U.S. at 393-94 (1989); Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 352 (1st Cir. 1995); Gaudreault v. Municipality of Salem, 923 F.2d at 205 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

## EXCESSIVE FORCE

29.    The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at the moment applies.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.  Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695 (1st Cir. 1994); Fernandez v. Leonard, 963 F.2d 459, 467 (1st Cir. 1992); Dean v. City of Worcester, 924 F.2d 364, 368 (1st Cir. 1991); Gaudreault v. Municipality of Salem Mass., 923 F.2d 203, 205 (1st Cir.), cert. denied, 500 U.S. 956 (1990); Tatro v. Kervin, 41 F. 3d 9, 14 (1st Cir. 1994); Graham v. Connor, 490 U.S. 386, 396-397 (1989).

**Violation of Civil Rights, G.L. c.12 §11H and I,  v. Officer Frank Williams (Count V)**

30.     In addition to his claim under the Federal Civil Rights Act, the plaintiff seeks to recover damages under the Massachusetts Civil Rights Act by alleging that Officer Williams unlawfully searched him, seized him, violated his right to due process and free speech, unlawfully arrested him, and prosecuted him without probable cause in violation of the U.S. Constitution, for which he seeks relief pursuant to the Massachusetts Civil Rights Act ("MCRA"), G.L. c.12 §11H and I.

**Violation of Civil Rights, G.L. c.12 §11H and I,  v. Officer Frank Williams (Count V)**

31.     In order to prevail on a claim under the Massachusetts Civil Rights Act, the plaintiff must
        prove by a preponderance of the evidence the following two elements:

   i.     that Officer Williams interfered with, or attempted to interfere with, the plaintiff's
          enjoyment of rights secured by the Constitution; and

   ii.    that the interference or attempted interference was by threats, intimidation, or
          coercion.  G.L. c. 12, § 11I. <u>Freeman</u> v. <u>Planning Bd. of West Boylston</u>, 419
          Mass. 548, 564, 646 N.E.2d 139, 148, <u>cert. denied</u>, 516 U.S. 931 (1995); <u>Bally</u> v.
          <u>Northeastern Univ.</u>, 403 Mass. 713, 717, 532 N.E.2d 59, 51-52 (1989).

**Interference with a Secured Right**

32.    The requirement that plaintiff demonstrate that Officer Williams interfered with plaintiff's secured rights is identical to the requirement, under the Federal Civil Rights Act, that he demonstrate the deprivation of a federally protected right.    Nantucket Conservation Foundation, Inc. v. Russell Management, 380 Mass. 212, 215 n.4 (1980) (Articles X and XII of the Massachusetts Declaration of Rights are comparable to the due process clause of the Federal Constitution); cf. Commonwealth v. Williams, 422 Mass. 111, 115, n.9 (1996) (any substantive protections which may be afforded by Article XIV of the Mass. Declaration of Rights, above those afforded by the Fourth Amendment to the United States Constitution, are limited to the class of criminal defendants). Therefore, if you find that plaintiff has not proved the deprivation of a federally protected right, you must find against the plaintiff on his claim under the Massachusetts Civil Rights Act as well.

**Threats, Intimidation or Coercion**

33.     In addition to proving that Officer Williams interfered with a secured right, the plaintiff must also prove that Officer Williams interfered with or attempted to interfere with the plaintiff's enjoyment of secured rights by use of threats, intimidation, or coercion. Freeman v. Planning Bd. of West Boylston, 419 Mass. 548, 564, 646 N.E.2d 139, 149, cert. denied, 516 U.S. 931 (1995).   In other words, plaintiff must prove that Officer Williams attempted to force submission by conduct calculated to frighten, harass, or humiliate.   Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781, 506 N.E.2d 1152, 1159 (1987); Smith v. Longmeadow, 29 Mass.App.Ct. 599, 603, 563 N.E.2d 697, 699 (1990).

34.     The term "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.  Planned Parenthood League v. Blake, 417 Mass. 467, 474, 631 N.E.2d 985, 990, cert. denied, 513 U.S. 868 (1994) (quoting Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J., dissenting)); Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("acts or language by which another is placed in fear of injury or damage").

35.     By itself, a threat to use lawful means to reach an intended result is not actionable under
the Massachusetts Civil Rights Act. <u>Sena</u> v. <u>Commonwealth</u>, 417 Mass. 250, 263, 629
N.E.2d 986, 994 (1994) (citing <u>Pheasant Ridge Assocs. Ltd. Partnership</u> v. <u>Burlington</u>,
399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)).

36.     The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct.  Planned Parenthood League v. Blake, 417 Mass. 467, 474, 631 N.E.2d 985, 990 cert. denied, 513 U.S. 868 (1994); Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J. dissenting); Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("creation of fear to compel conduct").

37.     The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting.  Freeman v. Planning Bd. of W. Boylston, 419 Mass. 548, 565, 646 N.E.2d 139, 149 (1995); Deas v. Dempsey, 403 Mass. 468, 471, 530 N.E.2d 1239, 1241 (1988) (quoting Websters New International Dictionary at 519 (2d ed. 1959)); Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989).

38.     If Officer Williams's words could reasonably be understood only to express an intention to use lawful means to hinder the plaintiff, those words would not be a threat, intimidation, or coercion actionable under the Massachusetts Civil Rights Act. In other words, a threat to use lawful means to reach an intended result is not actionable. Sena v. Commonwealth, 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987) (citing Bell v. Mazza, 394 Mass 176, 183, 474 N.E.2d 1111, 1115 (1985)).

**<u>Damages</u>**

39.    A plaintiff under the Massachusetts Civil Rights Act is entitled to compensatory monetary damages but not punitive damages.  <u>See</u> <u>Gardner</u> v. <u>Governor Apartments Assoc.</u>, 396 Mass. 661, 663 n.2, 488 N.E.2d 3, 5 n.2 (1986).

**Malicious Prosecution (Count VI)**

40.    In this case the plaintiff claims that Officer Williams maliciously instituted a prior legal proceeding against him and that he suffered harm as a result.  In order to recover, the plaintiff must prove the following four elements by a fair preponderance of the credible evidence:

        1.    that the defendant instituted a prior criminal or civil proceeding against the plaintiff;

        2.    that the institution of the prior proceeding was done without probable cause;

        3.    that the institution of the prior proceeding was done with malice; and

        4.    that the prior proceeding terminated in favor of the plaintiff.

If the plaintiff has failed to prove any one of the elements, your verdict shall be for the defendant.  Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261, 178 N.E. 2d. 485, 487 (1961).

41.     The first element of malicious prosecution which the plaintiff must prove is that Officer Williams instituted a prior proceeding against him.  See Smith v. Eliot Sav. Bank, 355 Mass. 543, 546-47, 246 N.E. 2d. 437, 439 (1969).

42.     The second element of malicious prosecution which the plaintiff must prove is that Officer Williams instituted the prior proceeding without probable cause.  "Probable cause" is such a state of facts in the mind of one instituting criminal proceedings as would lead a person or ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person charged is guilty.  It is the person's honest and reasonable belief at the time he instituted the complaint that governs, rather than by what may turn out later to have been the actual state of things.  Seelig v. Harvard Co-op Soc'y, 355 Mass. 532, 541-42, 246 N.E. 2d. 642, 648 (1969); Muniz v. Mehlman, 327 Mass. 353, 359, 99 N.E. 2d. 37, 41 (1951); Bednarz v. Bednarz, 27 Mass. App. Ct. 668, 672, 542 N.E. 2d. 300, 302 (1989).

43.     The third element of malicious prosecution that the plaintiff must prove is that the defendant acted maliciously in instituting the prior proceeding against him.  To act with "malice" means to act with an improper motive.  An improper motive may be one of vexation, harassment, or annoyance.  It may include attempting to achieve an unlawful end, or a lawful end through an unlawful means.  A motive to injure another, or to vent one's ill will on [him/her] is an improper motive.  Restatement (Second) of Torts, §767, cmt. d (1977).

44.     The fourth element of malicious prosecution that the plaintiff must prove is that the prior proceeding was terminated in his favor.  An acquittal on the charges against him constitutes termination in the plaintiff's favor.  Pilos v. First Nat'l Stores, Inc., 319 Mass. 475, 477-78, 66 N.E. 2d 576, 577 (1946)

**<u>Abuse of Process (Count VII)</u>**.

45.     To recover, the plaintiff must prove to you by a preponderance of the evidence that the defendant:

      a.    used legal process

      b.    for an ulterior or illegitimate purpose

      c.    resulting in damage to the plaintiff.

**Negligent Training and Supervision, MTCA,  v. Town and Chief Saulnier (Count VIII)**

46.    "[C]ompliance with a statute or regulation [is] prima facie evidence of due care."  Parker

v. Town of Swansea, 270 F.Supp.2d 92, 102 (D.Mass. 2003).  As plaintiffs have provided no

evidence rebutting the City's evidence that its officers' training exceeded statutory mandates,

plaintiffs cannot establish that the City breached its duty to train its police officers, and this claim

should therefore be dismissed.  See Parker, 270 F.Supp.2d at 102 ("in the absence of any

evidence offered by [plaintiffs] that the Town failed adequately to train its officers, and in the

face of evidence of the officer's training in compliance with the requirements of state statutory

regulations, [plaintiffs] fail to show a breach of any duty of the Town"); Rochleau v. Town of

Millbury, 115 F.Supp.2d 173, 179 (D.Mass. 2000, Gorton, J.) (dismissing claim that Town failed

to train its officers in providing medical care to detainees, where plaintiff produced no evidence

that such training was not provided, and Town presented evidence that it complied with state

requirements relating to the training of officers in first aid and CPR); see also Tambolleo v.

Town of West Boylston, 34 Mass.App.Ct. 526, 531 (1992).

**<u>Negligent Training and Supervision, MTCA,  v. Town and Chief Saulnier (Count VIII)</u>**

47.    A supervisor's compliance with state standards negates liability on a claim for negligent

training.  <u>Compare</u> <u>Parker</u> v. <u>Town of Swansea</u>, 270 F.Supp.2d 92, 101 (D.Mass 2003); <u>see</u> <u>also</u>

<u>Rochleau</u> v. <u>Town of Millbury</u>, 115 F.Supp.2d 173, 179 (D.Mass.2000).

**Negligent Training and Supervision, MTCA,  v. Town and Chief Saulnier (Count VIII)**

48.     To establish the tort of negligent supervision, plaintiffs must prove that the City (1) knew

or should have known that Barrieau had a proclivity to commit misconduct; and (2) failed to take

corrective action.  See Copithorne v. Framingham Union Hosp., 401 Mass. 860, 865 (1988).

**Negligent Training and Supervision, 42 U.S.C. §1983**

**v. Town and Chief Saulnier (Count IX)**

49.    To support a claim against the City, the plaintiff must show that the City's failure to properly train and/or supervise its employees amounts to "deliberate indifference" to the constitutional rights of the citizenry and where a specific deficiency in training is the moving force behind a constitutional deprivation. Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002); (citing City of Canton v. Harris, 489 U.S. 378, 388-89). Mere negligence does not arise to the level of deliberative indifference. Parratt v. Taylor, 45 U.S.527 (1981). If the employee has inflicted no constitutional harm, neither the municipality nor the supervisor can be held liable. Wilson, 294 F.3d at 6-7; (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

**<u>Loss of Consortium</u>**

50.     The Complaint also claims that the defendants are liable to Carol Bittner for loss of

consortium.  Any recovery for loss of consortium requires proof of a tortious act that

caused injury to the [wife/husband]. The word "consortium" really means a right

which grows out of a marital relationship between husband and wife. It is a right to

enjoy the society and companionship and the affection, including the right to sexual

relations between the spouses as a part of the marriage relationship.

## **Loss of Consortium**

51.     You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience. There is no special formula or rule to measure a fair amount for loss of consortium. You must not, however, allow any overlapping of damages with those belonging to the plaintiff; each is entitled to damages for [his/her] individual loss.

For instance, any losses which the plaintiff may be entitled to recover, such as nursing expenses or hospital bills, may not be considered in the loss of consortium claim. So also you are not to compensate for any financial losses of the plaintiff's spouse which may be included in the plaintiff's loss of earning capacity.

## **Causation**

52.     An injury or damage is proximately caused by an act or failure to act whenever it appears
from the evidence that the act or omission played a substantial part in bringing about or
actually causing the injury or damage, and that the injury or damage was either a direct
result or a reasonably probable consequence of the act or omission.  <u>Gutierrez-Rodriguez</u>
v. <u>Cartagena</u>, 882 F.2d 553, 569 (1st Cir. 1989).

**<u>Immunity</u>**

53.     If a reasonable police officer could have believed that the [stop and arrest of plaintiff was

lawful, and that] the amount of force used to effect plaintiff's arrest was lawful, based

upon clearly established law and information known to the defendants at the time of the

arrest, the defendant is entitled to immunity, even if the defendants' conclusions were

mistaken. <u>St. Hilaire</u> v. <u>City of Laconia</u>, 71 F.3d 20, 25 n.1 (1st Cir. 1995).

**<u>Immunity</u>**

54.    The defendants are entitled to immunity from plaintiff's claims so long as their "decision[s were] reasonable, even if mistaken." <u>Joyce</u> v. <u>Town of Tewksbury</u>, 112 F.3d 19, 23 (1st Cir. 1997).

## **Damages**

55.     Plaintiff argues that his constitutional rights were violated in this case.  You may not award compensatory damages to the plaintiff for violation of his Fourth Amendment rights unless you find that plaintiff has proven that he has suffered <u>actual, compensable</u> injury.  The abstract value of a constitutional right may not form the basis for civil rights damages.  <u>Carey</u> v. <u>Piphus</u>, 435 U.S. 247 (1977);  <u>Memphis Community School Dist.</u> v. <u>Stachura</u>, 477 U.S. 299, 91 L.Ed.2d 249, 106 S.Ct. 2537 (1986).

**<u>Damages</u>**

56.    If you find for the plaintiff, you may only award the plaintiff damages in order to
       compensate him for an injury actually caused by the defendant's actions.  If you do not
       find that the plaintiff was injured, then you may not award the plaintiff compensatory
       damages.  <u>Memphis Comm. School Dist. v. Stachura</u>, 106 S.Ct. 2537, 2543 (1986)
       ("Where no injury was present, no 'compensatory' damages could be awarded."); <u>Farrar</u>
       v. <u>Hobby</u>, 121 L.Ed. 2d 494, 503 (1992).  <u>Dayet</u> v. <u>Maccarone</u>, 973 F.2d 22, 29 (1st Cir.
       1992).

**<u>Damages</u>**

57.     In order to recover damages for mental distress, you may not presume that the plaintiff was so injured: plaintiff always bears the burden of proving to you, by a preponderance of the evidence, that the mental distress he claims is real, and that it was caused by the actions of the defendant.  The plaintiff is not entitled to a windfall.  <u>Carey</u> v. <u>Piphus</u>, 435 U.S. 247, 262 (1977).

**Damages**

58.   If you find that plaintiff was deprived by the defendants of a right secured or protected by the Constitution or laws of the United States, but you also determine that the plaintiff did not sustain actual damages, then you may return a verdict in the nominal amount of one dollar in order to recognize that the deprivation did occur.  Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992).  Nominal damages are the appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury.  Memphis Community School Dist. v. Stachura, 477 U.S. 299, 91 L.Ed.2d 249, 106 S.Ct. 2537 (1986).

**Damages**

59.    Punitive damages may only be awarded if the plaintiff is entitled to actual or compensatory damages, and if the defendants' conduct was maliciously, wantonly, or oppressively done.  Only if you find such malicious, wanton or oppressive conduct, may you award in addition to actual damages an amount you agree to be proper as punitive damages in order to punish the defendants for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.  Smith v. Wade, 461 U.S. 30, 56 (1983); Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).

**<u>Damages</u>**

60.    In order to demonstrate that the defendants acted maliciously, plaintiff must prove that their conduct was prompted or accompanied by ill will, spite, or grudge, either toward the plaintiff individually, or toward all persons in one or more groups of which the plaintiff is a member.  <u>Gutierrez-Rodriguez</u> v. <u>Cartagena</u>, 882 F.2d at 581.

**<u>Damages</u>**

61.     In order to demonstrate that the defendants acted wantonly, plaintiff must prove that they

acted in reckless or callous disregard of, or indifference to, the rights of the plaintiff.

<u>Gutierrez-Rodriguez</u> v. <u>Cartagena</u>, 882 F.2d at 581.

## **Damages**

62.     In order to demonstrate that the defendants acted oppressively, plaintiff must prove that they acted in a way or manner that injured or damaged the plaintiff or otherwise violated the plaintiff's rights with unnecessary harshness or severity, for example, by taking advantage of some peculiar weakness or disability of the plaintiff.  Gutierrez-Rodriguez v. Cartagena, 882 F.2d at 581.


DEFENDANTS,

TOWN OF TISBURY,
THEODORE A. SAULNIER, and FRANK
WILLIAMS

by their attorneys,

/s/Katharine Goree Doyle
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007

273669/Metg/0577