UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11417-RCL

| | |
|---|---|
| CHRISTOPHER C. BITTNER and CAROL BITTNER,<br><br>　　　　　　Plaintiffs<br>v.<br><br>FRANK WILLIAMS, THEODORE A. SAULNIER, In His Capacity as CHIEF OF THE TISBURY POLICE DEPARTMENT, and THE TOWN OF TISBURY,<br><br>　　　　　　Defendants | DEFENDANTS TOWN OF TISBURY AND FRANK WILLIAMS' <u>MOTION TO BIFURCATE TRIAL</u> |

　　　　Now come the defendants the Town of Tisbury and Officer Frank Williams[1] (hereinafter collectively referred to as the "Tisbury Defendants"), and hereby request this Court, in the interests of convenience, judicial economy, and avoiding undue prejudice to order a separate trial of the claims against the Town of Tisbury from the claims against individual officer Frank Williams in the above captioned matter.

　　The plaintiff alleges that Officer Williams violated his civil rights and committed intentional torts against him during the course of an arrest (Counts I-VII). The plaintiff also asserts that the Town negligently trained and supervised Officer Williams, thereby violating the plaintiff's civil rights (Counts X, IX).

　　　　As reasons therefor, the Tisbury Defendants state that the admission of evidence relevant only to the claims against municipal and supervisory defendants creates a significant danger of undue prejudice to the individual officer, Officer Frank Williams in this matter. Additionally, for sake of economy and expedition, since a finding in Officer Williams' favor would render the

---

[1] Defendant Chief of Police Theodore Saulnier has been dismissed as a defendant.

municipal and supervisor claims moot, such claims should be bifurcated from the trial of Officer Williams.

For further reasons therefor, the Tisbury Defendants state the following.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The trial court retains broad discretion in making determinations on Rule 42 (b) motions. Gonzalez-Marin v. Equitable Life Assur. Soc'y, 845 F.2d 1140, 1145 (1st Cir. 1988); Warner v. Rossignol, 513 F.2d 678, 684 (1st Cir. 1975).

Many courts have recognized the danger of undue prejudice to individuals that could result from the admission of evidence relevant only to "practice or policy" or negligent training claims against municipalities. Daniels v. Loizzo, 178 F.R.D. 46, 48 (S.D.N.Y. 1998). Courts have likewise acknowledged that bifurcation under circumstances similar to those involved in this matter is necessary in the interests of expedition and economy (quoting Dawson v. Prince George's County, 896 F. Supp. 537, 540 (D. Md. 1995) (finding that a separate trial of a police officer was necessary for the sake of economy and expedition, since a finding in the police officer defendant's favor would have rendered the claim against the County unnecessary) and Ricciuti v. New York City Transit Authority, 796 F. Supp. 84, 86 (S.D.N.Y. 1992).

In this matter, the plaintiff has indicated his intent to attempt to introduce evidence of complaints filed against Officer Williams by other citizens to support his claim for failure to train and supervise.  Such evidence of claims or complaints against Officer Williams would be

inadmissible against him as improper propensity evidence.  Therefore, there is an inherent and unacceptable conflict in addressing simultaneously the municipal/supervisory claims and the claims against the individual officer in this matter.  Accordingly, in the interest of justice and economy and to prevent any undue prejudice to Officer Williams, this Court should bifurcate the trial of the plaintiff's claims separating the claims against Officer Williams from the claims against the Town of Tisbury.

        DEFENDANTS,

        TOWN OF TISBURY,
        FRANK WILLIAMS,

        By their attorneys,

        /s/Katharine I. Doyle
        Joseph L. Tehan, Jr. (BBO# 494020)
        Katharine I. Doyle (BBO# 634131)
        Kopelman and Paige, P.C.
        101 Arch Street
        12th Floor
        Boston, MA  02110-1109

275394/Metg/0577