UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*********************************************
| | |
|---|---|
| CHRISTOPHER C. BITTNER and | * |
| CAROL BITTNER, | * |
| | * |
| Plaintiffs | * |
| v. | * |
| | *   C.A. NO. 04-11417-RCL |
| FRANK WILLIAMS, THEODORE A. | * |
| SAULNIER, in his capacity as CHIEF OF THE | * |
| TISBURY POLICE DEPARTMENT, and | * |
| THE TOWN OF TISBURY, | * |
| | * |
| Defendants | * |

*********************************************

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION
TO COMPEL DISCOVERY OF DOCUMENTS**

I. **Factual Background**

This case involves allegations of the violation of the plaintiff's civil rights when he was wrongfully arrested by Defendant Frank Williams on June 25, 2002.

In June 2002, plaintiff Christopher Bittner was the owner and operator of a furniture restoration store on Main Street in Tisbury, Massachusetts, where he had moved from the greater New York area. After struggling for fifteen (15) years and through multiple hospitalizations caused by bi-polar disorder, Mr. Bittner had regained the ability to function, opening his own business on Martha's Vineyard where he and his wife had moved in search of a more pastoral setting than suburban New York that would be better for his mental health and stopped receiving SSDI, which he had been receiving for 10 to 15 years.

On June 25, 2002, while on the street in front of his business storefront, plaintiff Bittner noticed a woman laying unconscious in the middle of the street. Mr. Bittner attempted to assist the woman, while coordinating with another bystander, who called 911.

When the woman regained consciousness and attempted to walk away, plaintiff Bittner, recognized (from his own personal medical experiences) that the woman has suffered a seizure and was concerned for her health and safety. He urged the woman not to get up, but to remain until EMT's, who had been summoned, came and examined her.

As Mr. Bittner was doing so, Defendant Tisbury Police Officer Frank Williams arrived. Upon arriving and before he had the chance to speak with anyone or determine what had happened, defendant Williams shouted "Stop!" Defendant Williams then demanded, without explanation, that plaintiff Bittner provide identification. Mr. Bittner, who initially thought the officer was asking the woman to stop, asked why and defendant Williams responded, "If you don't, I consider it disorderly conduct."

Plaintiff Bittner expressed his disbelief at this statement and asked for the defendant Officer's badge number. Defendant Williams responded by saying, "I don't have to put up with this shit", handcuffed and arrested Mr. Bittner. Defendant Williams then threw the plaintiff onto the hood of his police cruiser and searched the plaintiff, humiliating him publicly.

Defendant Williams, having arrested the plaintiff, booked, jailed and charged the plaintiff with disorderly conduct. The charges against the plaintiff thereafter were dismissed by the court. Plaintiff alleges that defendant Williams brought these criminal charges without probable cause, with malice and with the intent to cover up his wrongful arrest of Plaintiff Bittner, and to prevent and intimidate Plaintiff Bittner from seeking redress.

II. **Procedural Background**

Plaintiffs' complaint alleges civil rights claims and common law torts against defendant Williams and a *Monell* claim and negligent supervision claim against the defendant Town of Tisbury for failure to supervise defendant Williams.

The plaintiffs have learned so far from discovery that defendant Williams has had six complaints made against him. All of these complaints were made within two years of defendant Williams' arrest of the plaintiff, unusual for a veteran with over twenty years as a Tisbury police officer, and an apparently stellar personnel file for his first 18 years on the force, until some time shortly before the arrest of the plaintiff.[1] Three of the six complaints disclosed to the plaintiff were made in August of 2002, the same summer defendant Williams arrested the plaintiff. This suggests that defendant Williams had some problem that should have been evident to the defendant town by the summer of 2002.

What is not clear is when defendant Williams' aberrant behavior began to manifest itself such that the defendant Town should have been aware of the problem, had it been properly supervising defendant Williams. The incomplete discovery from the defendants does not disclose what this pattern of behavior may have been, when it began,[2] or what the defendant town of it, although there are hints within the limited documentation the defendant town has provided.

---

[1] The incomplete discovery makes it difficult for the plaintiffs to determine when the defendant Williams difficulties began to emerge.

[2] It is interesting that the defendants redacted the date on at least one of the other complaints against defendant Williams that the defendants did produce.

Plaintiff made a first request for the production of documents to defendant Town of Tisbury on November 10, 2004. Defendants responded on July 22,2 005, providing some documents, and objecting to the production of others. [Defendant Town of Tisbury's response to the plaintiff's requests for the production of documents, **Exhibit A** hereto ]

While documents have been produced responsive to plaintiff's requests, plaintiff's requests have not been fully answered. Plaintiff has sought a complete copy of defendant Williams' personal and Internal Affairs file [Request 5] as well as the names and addresses of witnesses or victims of the alleged misconduct of defendant officer Williams [Request 20]. Defendants have responded by providing only <u>redacted</u> copies of some complaints lodged against defendant Williams. The only thing redacted is the name and contact information of those complaining about defendant Williams (and, in one instance, the date of the complaint). By redacting the names and addresses of those who had lodged complaints, without any legitimate justification or basis, the defendants are preventing the plaintiff from contacting these potential witnesses.

In its responses, the defendant Town of Tisbury objected and further indicated that it was providing "redacted copies of documents responsive to the request" with no explanation or attempted justification for redacting the names of these potential witnesses. This phrasing in the defendant town's response also suggests that the discovery responses may not include <u>all</u> responsive documents.

Plaintiff sent a letter to counsel for the Town of Tisbury on March 1, 2006 [**Exhibit B**, hereto] raising these concerns, but the defendant Town failed to respond to the letter. Upon further demand, the defendant town still refuses to produce un-redacted copies of the six

complaints against defendant Williams or to indicate if they are withholding any other documents responsive to the plaintiffs' requests for all complaints regarding defendant Williams.

### III. <u>Argument</u>

The redacted responses to the plaintiff's requests for the production of documents and the inference that there may be more documents that the defendants failed to produce by the way they were provided now requires the plaintiff to bring this motion to compel to discover not only the names of those who had made complaints to the Town of Tisbury about defendant Williams' conduct, but also to determine if other documents exist and are being withheld. As these issues are identical for each of the interrogatories, they will be dealt with together.

**Request Number 5: Any and all documents evidencing or referencing all prior complaints, including but not limited to personnel evaluations, Internal Affairs records, written notations of oral reprimands, or records present at the individual defendants' precinct, concerning any alleged wrongful conduct by the individual defendants involved in the incident giving rise to this litigation.**

**Answer: Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, and impinges upon the defendant's privacy expectations. Notwithstanding said objection and without waiving same, enclosed are redacted copies of documents responsive to the request. All documents provided to this request are designated confidential.**

**Request Number 20: All documents containing the names and/or addresses of any witnesses to or alleged victims of alleged misconduct committed by the individual defendant police officer(s) for the ten years preceding any of the incidents giving rise to this lawsuit to the present.**

**Answer: Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope and impinges upon individuals' privacy expectations. Notwithstanding said objection and without waiving same, enclosed are redacted copies of documents alleging misconduct on the part of Officer Williams.**

Requests number 5 and 20 together seek information about complaints against defendant Williams and the names and address of those who made such complaints.

The evidence the plaintiff seeks is clearly discoverable as evidence of other misconduct – whether prior to the arrest of the plaintiff or not – may be admissible against the individual defendant to prove motive, opportunity, intent, plan, knowledge or absence of mistake or accident. Fed. R. Evid. 404 (b)  Such evidence of other misconduct here goes to defendant Williams' state of mind and intent at the time he arrested the plaintiff. [See *McCabe v Mach*, 908 F3d 1333 (1st Cir., 1996), admitting prior acts of institutional violence because the probative value of this testimony outweighed any prejudicial effect it might have had; *Senra v Cunningham*, 9 F3d 168, 171 (1st Cir., 1993), which found prior incidents of intoxication and domestic disturbances admissible under Fed. R. Evid. 404 (b); and *Gytan v. Kapus*, 181 F.R.D. 537 (N.D.Ill. 1998) where evidence of other disciplinary complaints were admitted to show intent.]

In response to these two requests, the defendant Town of Tisbury has produced (6) letters of complaint, all redacted, and no records of any investigation or discipline in response to these requests. No additional documents have been identified as having been withheld, despite the defendant's objections and the inference from the defendant's response that "documents responsive to the request" were enclosed.

In addition, the indefinite syntax leaves open to inference the suggestion that there are other documents, perhaps other complaints, perhaps documents obtained or generated in the investigation (assuming the defendant town conducted investigations in response to any of the six complaints). Nowhere in the defendant town's responses does the defendant town indicated if *all* responsive documents or if only some of the responsive documents in the possession of the defendant were produced.

Documents such as police records, personnel records, and administrative complaint records are presumptively discoverable. *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988).

h. **4.** The defendant Town of Tisbury had provided only redacted copies of complaints against officer Williams, with no other documents or any explanation of whether there was any investigation or other response to these six complaints, all of which occurred contemporaneous in time to the arrest of the plaintiff. Nor does the defendant town offer any justification for having redacted the names and addresses of the complainants. These names have been specifically requested by request number 20.

There is no legitimate basis for withholding the names and the addresses of individuals who have placed complaints against defendant Williams. The complainants are not criminals nor have any of them been changed with any crime that would trigger protection under CORI . The defendants have no justification that the names may be withheld as relevant to an ongoing investigation, as it seems clear that no investigation of any sort is ongoing or was ever made, let alone a criminal investigation.

Indeed, the only plausible basis for withholding these names is to prevent the plaintiffs from obtaining the names and contact information of other like victims of defendant Williams abuse of his position as a police officer. These other victims are not claiming any privacy. To the contrary, it is self evident that by writing letters of complaint, they are inviting the use of their name in a proper investigation of defendant Williams' abuse of his badge and uniform. Their very complaint indicates a willingness of these individuals to be contacted about their interactions with defendant Williams.

The only reason the defendant Town of Tisbury has for refusing to disclose the name and addresses of these complainants is to prevent the plaintiff from obtaining information about defendant Williams.

Plaintiff must be allowed to gather evidence through discovery that would be admissible to prove defendant Williams' motive, intent, plan, knowledge, and/or the absence of a mistake or accident. [See *Commonwealth v. Porter*, 659 F.2d 306, 320 (3rd Cir. 1981)(en banc), cert. denied, 458 U.S. 1121 (1982); *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir. 1993) (evidence of prior use of force admissible to show intent, opportunity and plan); *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993); *Ismail v. Cohen*, 899 F.2d 183 (2nd Cir. 1990), *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982) (evidence of prior acts of racially motivated misconduct probative of defendant's state of mind); *Miller v. Poretski*, 595 F.2d 780 (D.C. Cir. 1978) *Borenstein v. City of Philadelphia*, 595 F. Supp. 853 (E.D. Pa. 1985)]

In addition to improperly redacting information from the complaints, defendant Town of Tisbury has failed to disclose if they are holding back any responsive documents. The plaintiff is entitled to full disclosure from the defendant Town of Tisbury of any and all documents withheld and the reason they are being withheld. F.R.C.P. Rule 34(b) sets forth that "if an objection is made to part of an item or category, the part shall be specified. . ." Defendant Town of Tisbury has failed to specify any documents withheld under their objections, in violation of Rule 34(b).

Accordingly, the proper inference is that the defendant Town never investigated any of the six (or more) complaints about defendant Williams. Such an inference is an appropriate sanction in the circumstances, under F.R.C.P. Rule 37(b)(2)(B) which authorizes as sanctions

"an order refusing to allow the disobedient party to support or oppose designated claims or defenses". Plaintiff further requests that such an order be made, allowing a presumption that the defendant Town never investigated any of the six (or more) complaints against defendant Williams.

## Conclusion

As the defendant Town of Tisbury has failed to fully answer discovery and has withheld information clearly discoverable, this court should order defendant Town of Tisbury to produce un-redacted copies of all complaints made against defendant Williams and identify each and every responsive document withheld, stating justification under which it was withheld.

The plaintiff further requests that this Court allow, as an appropriate sanction under F.R.C.P. 37(b)(2)(B), a presumption that no investigation was ever made into the complaints made against defendant Williams by defendant Town of Tisbury.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Plaintiffs by counsel, |
| Date: March 24, 2006 | /s/ Andrew M. Fischer<br>Andrew M. Fischer<br>BB0# 167040<br>Andrew J. Brodie III<br>BBO# 661269<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904 |

bittner\oppmobif