UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11417-RCL

CHRISTOPHER C. BITTNER and CAROL BITTNER,

Plaintiffs

v.

FRANK WILLIAMS, THEODORE A. SAULNIER, In His Capacity as CHIEF OF THE TISBURY POLICE DEPARTMENT, and THE TOWN OF TISBURY,

Defendants

DEFENDANT TOWN OF TISBURY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

Any and all documents, reports, leaflets or any other writings representing or describing in any manner the rules, regulations or suggested procedures in effect during the time the plaintiff's stops and arrest for making a stop and search of an individual.

RESPONSE NO. 1

Enclosed.

REQUEST NO. 2

Any and all documents, reports, leaflets or any other writings representing or describing in any manner the rules, regulations or suggested procedures in effect during the time of the plaintiff's June 25, 2002 arrests for the detainment of an individual.

RESPONSE NO. 2

Objection of counsel on grounds of vagueness with respect to the term "detainment." Without waiving the foregoing, responsive documents are enclosed.

REQUEST NO. 3

Any and all documents, reports, leaflets, or any other writings representing or describing in any manner the rules, regulations, suggested or required procedures in effect during the plaintiff's stop and arrest for the making an arrest by a Tisbury police officer.

RESPONSE NO. 3

Enclosed.

REQUEST NO. 4

Any and all documents, reports, leaflets, or any other writings representing or describing in any manner the rules, regulations or suggested procedures in effect during the time of the plaintiff's stop and arrest for determining probable cause for an arrest.

RESPONSE NO. 4

Enclosed.

REQUEST NO. 5

Any and all documents evidencing or referencing all prior complaints, including but not limited to personnel evaluations, Internal Affairs records, written notations of oral reprimands, or records present at the individual defendants' precinct, concerning any alleged wrongful conduct by the individual defendants involved in the incident giving rise to this litigation.

RESPONSE NO. 5

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, and impinges upon the defendant's privacy expectations. Notwithstanding said objection and without waiving same, enclosed are redacted copies of documents responsive to the request. All documents provided in response to this request are designated confidential.

REQUEST NO. 6

Any and all performance evaluations on or referencing any and all of the individual defendants in this action for the ten (10) years preceding any of the incidents giving rise to this lawsuit to the present.

RESPONSE NO. 6

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, and impinges upon the defendant's privacy expectations. Notwithstanding said objection and without waiving same, enclosed. All documents provided in response to this request are designated confidential.

REQUEST NO. 7

The complete personnel file of each individual defendant.

RESPONSE NO. 7

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, and impinges upon the defendant's privacy expectations. Notwithstanding said objection and without waiving same, enclosed as to defendant Frank Williams. All documents provided in response to this request are designated confidential.

REQUEST NO. 8

Any and all personnel records or other documents referencing censure, written or oral reprimands and/or any other disciplinary action taken against the individual defendants in the (10) years preceding any of the incidents giving rise to this lawsuit to the present.

RESPONSE NO. 8

None.

REQUEST NO. 9

Any and all annual reports of the five (5) years preceding any of the incidents giving rise to this lawsuit to the present, or any other document for that time period evidencing a list of all complaints against the Tisbury Department and/or any of the defendants or compiling such data.

RESPONSE NO. 9

Enclosed.

REQUEST NO. 10

Any and all documents referencing to any of the incidents giving rise to this lawsuit, or otherwise relevant to this lawsuit, including, but not limited to:

a. any and all reports or other documents regarding the arrest of the plaintiff and any other individuals arrested, both prior to and in connection with the any of the incidents giving rise to this lawsuit;

b. any and all reports or other documents regarding injuries to the plaintiff arrested by the defendant police officer;

c. any and all reports or other documentation of the radio calls referencing any of the incidents in question;

d. any and all reports or other documents regarding the use of force by any police officer;

e. any and all results of polygraph tests taken in connection with any of these incidents;

f. any and all written or tape recorded witness statements; or notes made from oral witness statements, regarding any of the incidents giving rise to this lawsuit;

    g.  any and all tape recordings or written transcripts of all of the plaintiff's criminal trial;

    h.  actual reprints of any and all booking photographs and/or mug shots of plaintiff or photographs of the defendant police officer's alleged injuries, if any;

    i.  any and all documents related to plaintiff's booking.

    j.  any and all records of any internal affairs investigation or Police Review Board investigation or comparable inquiry into the incident.

RESPONSE NO. 10

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, impinges upon individuals' privacy expectations. Notwithstanding said objection and without waiving same, enclosed.

REQUEST NO. 11

All writings or documents regarding or referencing any policies or procedures for disciplining Tisbury police officers.

RESPONSE NO. 11

None.

REQUEST NO. 12

All writings or documents regarding policies and procedures of the Tisbury Police Department for addressing and responding to civilian complaints.

RESPONSE NO. 12

None.

REQUEST NO. 13

Any and all documents relating to any attempt to commence criminal process for any reason against the plaintiff by any Tisbury Police Officer.

RESPONSE NO. 13

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time and scope. Notwithstanding said objection and without waiving same, enclosed.

REQUEST NO. 14

Any and all documents relating to or setting forth the policies and procedures in effect during the time of the plaintiff's arrest for the prosecution of criminal defendants.

RESPONSE NO. 14

Enclosed.

REQUEST NO. 15

Any and all documents evidencing disciplinary action taken against any of the defendant officers as a result of any of the incidents giving rise to this lawsuit.

RESPONSE NO. 15

None.

REQUEST NO. 16

Any and all documents reporting upon, reflecting or otherwise relating to wrongful stop and searches of persons taken into custody by the individual defendant police officers for the ten (10) years preceding the incident giving rise to this lawsuit to the present.

RESPONSE NO. 16

None.

REQUEST NO. 17

All pleadings, correspondence, or other documents relating to or identifying any lawsuits brought against the Tisbury Police Department or any of its officers for violation of civil rights, wrongful arrest or excessive force brought within the last ten (10) years.

RESPONSE NO. 17

None.

REQUEST NO. 18

Any documents representing statistical compilations, summaries, memoranda, or other documents concerning settlements paid or judgments entered against the Town of Tisbury and/or its police officers for police related civil rights violations for the ten (10) years preceding any of the incidents giving rise to this lawsuit.

RESPONSE NO. 18

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope and impinges upon individuals' privacy expectations.

REQUEST NO. 19

All documents evidencing the Town of Tisbury's investigations, conclusions drawn, and punishments rendered in connection with any of the incidents giving rise to the judgments or settlements referenced in the document request immediately above.

RESPONSE NO. 19

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope, and impinges upon individuals' privacy expectations.

REQUEST NO. 20

All documents containing the names and/or addresses of any witnesses to or alleged victims of alleged misconduct committed by the individual defendant police officer(s) for the ten years preceding any of the incidents giving rise to this lawsuit to the present.

RESPONSE NO. 20

Objection on the grounds that the request seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is overly broad in time and scope and impinges upon individuals' privacy expectations. Notwithstanding said objection and without waiving same, enclosed are redacted copies of documents alleging misconduct on the part of Officer Williams.

REQUEST NO. 21

Any and all documents concerning the June 25, 2002 arrest of the plaintiff.

RESPONSE NO. 21

Objection on the grounds that the request seeks documents that are subject to work-product privilege. Notwithstanding said objection and without waiving same, enclosed. Further responding, documents responsive to this request are already in possession of the plaintiff and were attached as Exhibit C, D, E and G to the Plaintiffs' Voluntary Disclosure.

REQUEST NO. 22

A complete copy of the Town of Tisbury Police Department Rules and Regulations in effect during the period of the incidents giving rise to the litigation.

RESPONSE NO. 22

Enclosed.

REQUEST NO. 23

Any and all documents tending to exculpate any defendant.

RESPONSE NO. 23

Objection on the grounds of vagueness.

REQUEST NO. 24

Any and all documents defendant intends to use at trial.

RESPONSE NO. 24

The defendants have not yet determined which documents will be used at trial, but reserve the right to seasonably supplement this response.

REQUEST NO. 25

Any and all documents, reports, leaflets, or any other writings representing or describing in any manner the rules, regulations or suggested procedures for conducting performance evaluations of police officers, including but not limited to those referencing the frequency of such evaluations.

RESPONSE NO. 25

None.

REQUEST NO. 26

Any and all documents representing or relating to the Tisbury Police Department's guidelines, customs or suggested procedures for action when it is discovered that a police officer has committed perjury or filed a false police report.

RESPONSE NO. 26

Objection on grounds that the request seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. Notwithstanding said objection and without waiving same, none.

REQUEST NO. 27

Any and all documents representing or relating to the Tisbury Police Department's guidelines, customs or suggested procedures for action when it is discovered that a police officer has violated department rules and procedures.

RESPONSE NO. 27

Objection on grounds that the request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection and without waiving same, none.

REQUEST NO. 28

Any and all documents, reports, leaflets or any other writing representing or describing in any manner the rules, regulations or suggested procedures in effect during the time of any and all of the incidents giving rise to this lawsuit for determining probable cause for entering the private property of an individual without a warrant by an Ashburnham Police Officer.

RESPONSE NO. 28

Objection on grounds that the request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

> DEFENDANT,
>
> TOWN OF TISBURY,
>
> By its attorneys,
>
> /s/ Katharine Doyle
> Joseph L. Tehan, Jr. (BBO# 494020)
> Katharine Goree Doyle (BBO# 634131)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

248497/Mctg/0577