# JASON AND FISCHER

ATTORNEYS AT LAW
47 WINTER STREET
BOSTON, MASSACHUSETTS 02108
TEL. (617)423-7904
FAX. (617)451-3413

LINDA GAYLE JASON
ANDREW M. FISCHER
ANDREW J. BRODIE III

March 2, 2006

**BY FACSIMILE AND U.S. MAIL**

Katharine Goree Doyle, Esquire
Kopelman and Paige, PC
101 Arch Street
Boston, MA 02110

Re:   <u>Christopher Bittner, et al v. Town of Tisbury, et al</u>

Dear Ms. Doyle:

      I enclosed deposition notices for Frank Williams for March 13, 2006 and for Chief Saulnier for March 21. The deposition notice for Chief Saulnier asks that he bring various documents, some of which have been requested but may not have been produced. I ask for them as part of the deposition notice in an effort to resolve a discovery dispute.

      Plaintiff's request for documents sought copies of defendant Williams' complete personnel file and IAD files, as well as all documents regarding any complaints against defendant Williams. [Request 5] The defendants' answer was ambiguous. After objecting to the request, indicating that "redacted copies of documents responsive to this request" were enclosed. A similarly ambiguous response was made with respect to the request asking that for the names and addresses of witnesses or victims of the alleged misconduct of Defendant officer.

      First, this answer does not indicate whether all documents responsive documents were enclosed or whether documents were withheld based upon the objection. If any documents were withheld, the defendants are obliged to identify and itemize them in a privilege log, which the defendants have not done.

      Base upon what my clients hear and upon my own investigation, there have been other complaints about defendant Williams which do not appear to be included. These include complaints by several parents about mistreatment of their teenage sons by defendant Williams as well as a series of complaints regarding the issuance of a multitude of traffic citations to motor cycle riders, a practice for which defendant Williams was admonished by a local judge. These citations were issued as retaliation for defendant Williams losing his wife or girl-friend to a motor cyclist.

Re:   Christopher Bittner, et al v. Town of Tisbury, et al
      Page 2 of 2
      March 1, 2006

This brings me to my second issue: the several complaint letters provided appear to include at least one reference to the zealous citations of motorcycle helmet violations. However, the names are redacted. There is no legitimate basis for doing so. The authors of these complaints are not criminals or charged with any crimes, and thus not protected by CORI. Nor can the defendants claim that their names are part of any criminal investigation, and thus subject to confidentiality.

Indeed, these complainants have made their complaints with the hope and expectation that others with similar complaints would have full knowledge and the ability to use their complaints. The only reason for blacking out the names of those others who have complained about defendant Williams is to prevent the plaintiff from contacting others and thereby discovering defendant Williams poor history of dealing with civilians.

Moreover, despite defendant Williams long career as a Tisbury police officer, five of the six letters of complaint with identifying information blacked out occur within the same time frame as the defendant's arrest of the plaintiff, four of them within two months of the plaintiff's arrest. This makes discovery of other victims/complainants even more relevant, as it raises issues of defendant Williams' fitness to be on duty during the summer of 2002, when he arrested the plaintiff.

Demand is hereby made for immediate production of unredacted copies of each of the five letters, of complaints that occur within time frame of the Defendant's arrest of the Plaintiff, and the copies of documents alleging misconduct on the past of Officer Williams.

Please consider a communication as required by District Court Rule 7.1.

Yours truly,

Andrew M. Fischer

AMF:ms

Enclosures

cc:   Regina Ryan, Esquire

bittner\ltdoyle3